WHITE *v.* THE STATE, 1 Smedes & Marshall, 149.

### PERJURY.

The affidavit, as a foundation for the issuance of a writ of *habeas corpus*, can be legally made before a justice of the peace; and if it falsely alleges matter material to the order for the writ, the party may be convicted of perjury. But if the false matter be wholly immaterial as a foundation for ordering the writ, it is otherwise. It is sufficient for one in custody to make affidavit that he is illegally so detained, and he is entitled as a matter of right to the writ.

Error to the circuit court of Madison county.    ROLLINS, J.

*R. Hughes*, for plaintiff in error.

John White was indicted for perjury, in this, that he, in a petition to the judge, which was sworn to before a justice of the peace, stated that on a trial of him, said White, before said justice, for harboring a negro, " that he was forced into a trial late on Saturday night, without giving him an opportunity to produce his witnesses," when in fact, he was not so forced into trial, but that he demanded a trial at the time specified. A motion to quash the indictment was overruled, a jury empanelled, and defendant put upon his trial. It was proved that said White was apprehended and brought before James Priestly, Esq., late on Saturday, upon a charge of harboring a negro. When the defendant appeared, his counsel, without consulting him, insisted upon a trial immediately, supposing the state was not ready; but the justice waited for the arrival of the state's witnesses,— the counsel for defendant then left, saying when the testimony was taken, he would return and address the court upon it. Defendant seemed distressed and bewildered by the charge, and seemed to have nothing to do with the course of his counsel. The swearing to the petition, without producing it, was proved by the justice who administered the oath. The judge who tried the case testified that, on hearing the writ of *habeas corpus*, he paid no attention to the allegations of the petition, although he did, upon the application for the writ. There was a verdict of guilty, and motions for a new trial and in arrest of judgment, severally overruled.

It is now assigned for error,

1. That the court erred in refusing to quash the indictment.

VOL. I.—14.

2. In refusing a new trial.

3. In refusing to arrest the judgment.

1. 3. These two assignments will be considered together, as under both the question arises, admitting the allegations in the indictment to be true, was the defendant guilty of perjury? The question can only be answered in the negative. As to what constitutes perjury, see Hutch. Code, 711, § 1. A concurrence of these things is necessary to constitute perjury. 1. The oath must be false. 2. The intention willful. 3. The proceedings judicial, or before some of the officers, or in some of the proceedings mentioned in the statute. 3. The party must be lawfully sworn. 5. The assertion absolute; and 6. The falsehood must be material to the matter in question. 2 Chit. Crim. Law, 302.

Of the essential ingredients of that offense, two are wanting here. 1. The oath was not legally administered. 2. The falsehood was not material to the matter in question. The taking of the oath before a justice of the peace was extra judicial and voluntary. Shaffer v. Kentzer, 1 Binney, 542. 2. The falsehood alleged as perjury was not *material* to the matter in question. It was only necessary then to aver in the petition, that the party was in jail, having been committed for a bailable offense, and praying a writ of *habeas corpus*; and it was not necessary to make the allegation charged as perjury. The writ would have been issued without the false allegation, and therefore it must be held as immaterial to the matter in question.

2. A new trial should have been granted, because, as has been already shown, the offense charged and proved was not perjury. The fact that the judge testified that he regarded the allegation complained of as material on the application for the writ of error, does not make it so. And it is plain that the petition without this allegation, was sufficient to require the issuance of the writ. But it was not proven on the trial that the allegation of White in his petition,—if material and legally sworn to,—was false. He swears that he was forced into trial late Saturday evening, in the absence of his witnesses. The testimony in the bill of exceptions fully sustains the fact. As to the grounds of the motion to quash, and in arrest of judgment, see Hutch. Code, 221; Chit. Crim. Law, 302; 4 Black. Com., 137, note 35.

*J. D. Freeman,* attorney general.

The record shows a conviction of John White for the crime of perjury.   The errors assigned are as follows:

1. The court erred in refusing to quash the indictment.   The perjury is alleged to have been committed in falsely swearing to a petition for a writ of *habeas corpus,* and the facts falsely sworn to are cited in the indictment, as follows: "Said petitioner having been forced into a trial late Saturday night, without giving him an opportunity to produce his own witnesses, was thereof convicted by a justice of the peaoe."   The record discloses the fact that White was arrested on a charge of harboring a slave, and that his counsel demanded an immediate trial in the presence of White, who did not object, but was silent.   The justice of the peace waited an hour for the state's witnesses, proceeded to trial, and recognized him in the sum of $500.   White refused to give the bail and was sent to jail.   He then petitioned a judge of the circuit court for a writ of *habeas corpus,* which petition was sworn to before a justice of the peace, and the writ was granted.

A justice of the peace is a constitutional officer, and by our statute has all the powers of a justice of the peace in England. Our statute on the subject of perjury, includes false swearing before any officer of any court of law or equity.   A justice of the peace certainly is an officer of a court of law.   How. & Hutch., p. 711.   The *habeas corpus* act provides that the petitioner may show probable cause that he is unlawfully detained in custody by affidavit or otherwise.   There is no particular officer designated to administer the oath.   The case of Shaffer v. Kentzer, 1 Binney, 542, is not in point.   There the affidavit was voluntary, here it is required by law.   Perjury may be assigned on an oath administered by a justice of the peace on an investigation by arbitrators.   4 Ind., 165; 1 Va. Cases, 130; 3 Carr & Payne, 419; Chit. Crim. Law, 304; H. & H. Dig., p. 711, title 5, § 1, 2.

As to the materiality of the facts sworn to in the petition, the writ of *habeas corpus* is a writ of right.   (Constitution, art. 1, § 17.)   White was in jail for a bailable offense, as the record shows, and he was entitled to a writ of *habeas corpus,* independent of the fact that he was forced into trial without the benefit

of his own witnesses. Whether White was forced into trial or not, could not influence the circuit judge one way or the other in granting the writ of *habeas corpus*. It is, therefore, submitted that facts falsely sworn to were not material to the granting of the writ of *habeas corpus*. This being the main point in the case, other assignments of error will not be discussed.

Per Curiam.

The affidavit administered by the justice of the peace in this case, as a foundation for obtaining the writ of *habeas corpus*, was within the scope of the powers of a justice of the peace; and had the matter alleged to have been falsely sworn been material to the obtainment of the writ of *habeas corpus*, the defendant below might with propriety have been convicted. We are clearly of the opinion, however, that the oath, which it is said is false, was of a matter wholly immaterial to the end contemplated, and not calculated in any degree either to forward or retard the application. It is sufficient for one in custody to make affidavit that he is illegally so detained, and he is entitled, as a matter of right, to the issuance of a writ of *habeas corpus*. Whatever else he may state in his affidavit, by way of inducement, though it be false, cannot be made the foundation of a conviction for perjury.

Let the indictment be quashed and the prisoner discharged.