# Roney *v.* Simmons.

### Application for Mandamus.

1. *Duty of clerk in proceedings for contest of election of members of General Assembli.*—Under the provislons of the Code of 1886, it is the duty of the clerk of the Circuit Court of the county where the election is held and the contest of the election of a member of the general assembly is filed, to file interrogatories and issue commission to take the depositions of witnesses for the parties to the contest, and on his.refusal to do so he may be compelled by mandamus.

APPEAL from Macon Circuit Court.

Tried before Hon. J. R. DOWDELL.

Petition for mandamus by J. R. Simmons against W. H. Roney, clerk of the Circuit Court of Macon county, praying that he be required to file interrogatories to certain witnesses and issue a commission to a person therein named to take the deposition of the witnesses named in the interrogatories, who were alleged to be witnesses for petitioner in a contest of election instituted by him against one Holt for a seat in the General Assembly from Macon county. Roney set up in his answer that he was not the proper officer to receive and file the interrogatories, and the person suggested as commissioner was not suitable, because he was security for costs for petitioner in the contest. The Circuit Court issued a peremptory writ of mandamus and from this judgment Roney appealed.

W. F. FANNIN, for appellant.    No brief on file.

A. A. WILEY, for appellee, cited *Hightower v. Fitzpatrick's heirs*, 42 Ala. 600; *Thompson v. State*, 20 Ala. 62; Sutherland on Stat. Construction, §§ 207, 292, 346, 409; Endlich, §§ 203, 367.

McCLELLAN, J.—Proceedings to contest the election of a member of the General Assembly must be initiated by the contestant giving security for the costs of the contest which must be acknowledged before and approved by the clerk of the Circuit Court of the county in which the election was held.—Code § 408. Notice of such contest is required to be given the contestee through the sheriff or some constable. Code § 409.

The statement of the grounds of contest and affidavit must, after the service of a copy thereof on the contestee, be returned properly indorsed to the office of the clerk of the Circuit Court in which security for costs has been given. Code § 411. All testimony in such contest "must be certified, indorsed and sealed up as is required in taking depositions in suits at law; must be directed to the presiding officer of that branch of the General Assembly before which such contest is to be tried, at the seat of government, and deposited in the nearest post-office."—Code § 412. The costs in such contest must be taxed by the secretary of the senate or clerk of the house, as the case may be, and certified to the clerk of the Circuit Court in which the security for costs has been given. Such clerk is required to issue executions therefor and is entitled to certain fees therefor. Code § 413, 414, 415.

These are substantially our statutory provisions applicable specially to the contestation of seats in the General Assembly, necessary to be considered in this case.

It is to be noted that the only duties imposed by them on the clerk of the house or secretary of the senate, have relation to the result of the contest, or rather, are to be performed after the contest is concluded; these officers have nothing to do, in other words, with the proceedings prescribed for getting the case on pleadings and evidence before the tribunal which determines the contest. It is also to be noted that all the official steps preliminary to such determination which are appropriate to his office and prescribed at all in these sections must be taken by the clerk of the Circuit Court, as is also true with respect to proceedings consequent upon that determination, the collection of costs by execution for instance.

In these sections having reference specially to contests of

[Roney v. Simmons.]

seats in the General Assembly there is no provision for filing interrogatories and the issuance of commission to take testimony, yet that interrogatories should be filed and commission should issue is palpably within the contemplation of this article, and that depositions should be taken, certified, indorsed, sealed up, etc., as in suits at law, is expressly provided for.

The question in this case is whether the clerk of the Circuit Court in which the contest is filed and security for costs is given, or the clerk of the house of representatives (this being a contest of an election to this branch of the General Assembly), is the officer authorized to file interrogatories and issue such commission. There is no hint either in this article or in general provisions of the law relating to the contest of elections, of a legislative purpose to impose these duties upon and vest this authority in the clerk of the house. That officer has no duties whatever to perform in the preparation of any contest for trial. He can not officially know of the pendency of a contest until the speaker of the House lays the case before that body, and this after the testimony has been taken and forwarded to him under section 412 of the Code. Having no official knowledge of its pendency until after a commission to take testimony has been issued and executed, it can not be conceived upon any reasonable theory or upon any reasonable statutory construction that he should be authorized thus without any predicate for his action to issue such commission. On the other hand the clerk of the Circuit Court of the county of the election has the case before him. He officially knows that the contest is pending. He approves the bond for the costs thereof. The statement of the grounds of contestation and affidavit after service must be returned to his office. He is the only officer who has such official knowledge of the pendency of the case, and its status, as would constitute a basis for the filing of interrogatories and the issuance of a commission. And if there were an entire absence of express provision for the issuance of commission by the clerk of the Circuit Court, we should probably hold that he was the officer upon whom devolved that duty, as otherwise the whole purpose of the special provisions relating to the contests of seats in the General Assembly would be thwarted. But we are not under this necessity. There is, we think and hold, an express provision of law in this behalf. Article 1 commencing on page 134 of the Code contains provisions which relate to the contest of any office, "whether State, county, representative in Congress," or any "office

[Roney v. Simmons.]

which may be filled by a vote of the people." The office of member of the General Assembly is within these provisions. One provision of that article, that is section 402 of the Code, is as follows: "The testimony in such contests shall be by deposition, either on interrogatories or subpœna. The commission shall be issued by the clerk of the court · · · · in which the trial shall be had on application of either party without affidavit." Inasmuch as there is no other provision for the issuance of a commission in any law applicable to the contest of an election to the General Assembly, and inasmuch as the law manifestly contemplates the issuance of such commission and is incapable of execution without it, it is clearly our duty to hold on the principle which requires statutes of this character to be liberally construed in furtherance of the legislative purpose, that the section quoted authorizes the clerk of the Circuit Court to file interrogatories and to issue commissions to take testimony in all cases which are within articles 1 and 2 referred to, which have been instituted in his office and for the prosecution of which he has taken and approved a bond for costs. There is no express provision for the issuance of a commission in article 2 as there is no express provision therein for many other necessary matters, as to the manner of taking depositions, enforcing attendance of witnesses, etc., etc., only because the legislature supposed, and we think rightly, that these matters were already provided for in article 1, Code p. 134–5; and reading both articles together we are clear in the conclusion that the commission made necessary by the latter must be issued by the clerk of the Circuit Court as required in the former.

The judgment of the Circuit Court ordering the clerk of the Macon Circuit Court to file interrogatories and issue commission to take testimony is affirmed.