]Morrow, Walling and Campbell v. Russell.]

# Morrow *v.* Russell.

# Walling *v.* Russell.

# Campbell *v.* Russell.

*Applications for Mandamus in matter of Contested Elections.*

1. *Contest of election before probate judge; security for costs.*—The contest of an election to a county office before the probate judge (Code. §§ 416-27), though triable by the judge and not by the court, is properly regarded as a case pending in the court, and bond or security for costs, or any other paper filed in the case, is properly entitled in its caption as of a case pending in the Probate Court.


APPEALS from the City Court of Decatur.

Heard before the Hon. WM. H. SIMPSON.

Applications by D. B. Morrow, W. J. Walling, and A. B. Campbell, respectively, for writs of *mandamus* to be directed to Hon. E. M. RUSSELL, probate judge of Morgan county, requiring him to dismiss contests of election pending before

him, one against each of the petitioners, on the ground that the contestants had not given security for the costs as by law required. Judge SIMPSON refused to grant the writ in each case, and these appeals are taken from his orders refusing it.

E. W. GODBEY, WERT & SPEAKE, for appellants, made these points : (1.) Every pleading, or other paper filed in a cause, must be so marked as to identify the cause, and the court in which it is pending; and this is properly done in the heading, or caption of it.—2 Chitty's Pl., 1, 16th American Edition; Boone on Code Pleading, § 8, citing *King v. Bell,* 13 Neb. 409; *McCloskey v. Strickland,* 7 Iowa, 258 ; *Drury v. Mann,* 4 Wis. 202; *Bull v. Kramer,* 14 Kan. 101 ; *Patterson v. State,* 10 Ind. 296. (2.) In each of these cases, the contest was triable, not before the Probate Court, but before the judge of that court as a special tribunal. The Probate Court, under constitutional provisions, is invested with "general jurisdiction for the granting of letters testamentary and of administration, and of orphans' business;" and jurisdiction in other special cases has been conferred on it by statute. But the trial of a contested election is foreign to its constitutional jurisdiction, and is not within any of its special statutory powers. In fact, it is not a judicial function, but a special proceeding authorized and regulated by statute ; and it is doubtful whether it is not wholly a matter of administration, within the executive department of the government, and can not with propriety be referred to the judiciary. 6 Amer. & Eng. Encyc. Law, 413 ; *State v. Dortch,* 6 So. Rep. 777, following 13 La. Ann. 89; McCreary on Elections, §§ 392, 407, 421. The several provisions of the statute regulating these and other contests of election clearly recognize and preserve the distinction between the judge, on whom the jurisdiction is conferred, and the court of which he is the presiding officer. (3.) The security for costs is, on its face, an obligation to answer for the debt, default, or miscarriage of another.—Code, § 1732, par. 3 ; *Bullard v. Johns,* 50 Ala. 382. As such, it is fatally defective under the statute, and its defects can not be aided by parol evidence. *Smith v. Jones,* 42 Amer. Rep. 72; 71 Ala. 452, 43 Maine, 158.

J. B. MOORE, and ROULHAC & NATHAN, *contra.*

McCLELLAN, J.—These are appeals from orders of the City Court of Decatur denying applications for writs of *mandamus* to be directed to the probate judge of Morgan county,

requiring him to dismiss contests of elections to the office of sheriff, tax-collector and clerk of the Circuit Court of Morgan county, pending before him. The sole alleged ground for dismissing said contestations is, that the several contestants had not given security for the costs thereof, as required by the statute; and the contention that they had not complied with the law in this regard is rested solely on the fact that the bonds which were given, and which were intended to be security for costs, and which in every other respect were entirely formal, regular and sufficient, each had the following caption: "State of Alabama, Morgan County : In the Probate Court of Morgan County, Alabama." The argument is, that the caption is an essential part of the bond; that it is of vital importance that it should correctly state the forum in which the paper is filed, failing in which the bond is void; that these contests were pending *before the judge* of the Probate Court, and not *in the Probate Court*; that these captions show that the bonds were filed in a tribunal in which the cases, to secure the costs in which they were intended, were not pending, and hence no bonds at all can be said to have been filed in the tribunal where the cases are pending, and that therefore the proceedings must be dismissed. The invalidity of the bonds is also sought to be supported by an ingenious argument based on the provision of the statute of frauds which requires undertakings to answer the debt, miscarriage or default of another to be in writing expressing a consideration ; the assumption that bonds securing costs are such undertakings as to the sureties, and the supposed inaccurate statement of the forum in the caption. But this argument, as well as all other suggestions of counsel for appellants, proceeds entirely on the theory that the caption, in point of fact, is an incorrect statement of the tribunal.

Without following the argument of counsel, or committing ourselves to the soundness of any one of the several propositions advanced, we experience no difficulty in sustaining the action of the City Court, upon the broad ground that the caption of the bond in each of these cases correctly sets forth the tribunal in which the law requires security for costs to be given. We need not hesitate to concede that these causes are triable by the *judge* of probate, and not, strictly speaking, by the Probate Court. It does not follow from this concession that the bonds must appear to have been filed before or with said *judge* as an individual separate and apart from the court, any more than that bonds for security for costs in contests of elections to the General

Assembly should be filed in the House or Senate as the case may be, because the trial is to be had before one or the other of those tribunals, or that security for the costs of contests triable by a circuit judge or chancellor should be filed with, and be entitled as before those officers, instead of being lodged with the clerk of the Circuit Court or the register of the Chancery Court, and made to bear a caption appropriate to papers filed in said courts : it does not follow, in other words, from the fact that a cause is by statute made triable by and before the presiding officer, or the individuals constituting the membership of a tribunal, that the cause is pending before such officer or individual and not in the *court* of which they are officers, or even in an entirely different court, for any purpose whatever. For instances : In contests of the election of members of the General Assembly, the cause is in a sense pending in the Circuit Court of the county, or a Circuit Court of the senatorial district, security for costs must be there filed and approved by the Circuit Court clerk, (Code, § 408); notice of contest must be returned to him after service, (Code, § 411) ; interrogatories to take testimony must be filed with him, and he must issue commissions to that end, (Code, § 412; *Roney v. Simmons*, 97 Ala. 88; 11 So. Rep. 740); the costs of such contest must be certified "to the clerk of the Circuit Court in which security for costs is required to be given,  ·   ·  and said clerk must thereupon issue execution for the same, returnable to the next term of the Circuit Court," &c., &c. ; and such clerk is allowed specified fees for the issuance of original and *alias* executions.—Code, §§ 413, 414, 415 ; *Roney v. Simmons, supra.* And in a contest before a judge of the Circuit Court, the cause, at least for all the purposes of securing and collecting costs, notice of contests, &c. &c., is pending in the Circuit Court, (Code, § 428), commissions to take testimony are issued by the clerk of the court, (Code, § 402), and depositions when taken are returned into said court. Code, § 405. And so also in respect of a contest of an election to the office of judge of the Circuit Court before a chancellor : the case, for all purposes of costs and the like, is in the Chancery Court, and prosecuted through the processes of that court issued by its register.—Code, §§ 429, 430, 431. And that all these contests are pending in the courts, the judges of which try the issues involved in them, for all the purpose of security, judgment and execution for costs, is made more manifest by reference to certain general provisions applicable to all contests, and to certain provisions in themselves applicable alone to contests tried by the probate

judge, but extended by other sections to contests before circuit judges and chancellors. Thus, section 398 of the Code provides, that the contestant must give security for costs, within a specified maximum limitation, "in such sum as the judge of *the court in which the contest is to be tried* may deem sufficient;" a clear recognition of the pendency of the contests *in the court*, the judge of which hears and determines it. Commissions to take testimony, where the contest is triable by a judge of probate, are issued by such judge, not as judge, but as performing the duties of clerk of the *Probate Court.*—Code, § 402. Proceedings against defaulting witnesses are issued out of, and returnable to a regular term of the *Probate Court*, and not by and before the probate judge except as a part of such court.—Code, § 420. And execution for costs issues out of the Probate Court, and must be made returnable to a *regular term of said Probate Court.*—Code, § 427. The execution for costs, in contests before chancellors, and circuit and probate judges, when the contestant fails, issues on the bond for costs, and against the contestant and his sureties. It is a process of the court. It is issued by the ministerial officer of the court—the register of the Chancery Court, the clerk of the Circuit Court, or the officer performing clerical duties in the Probate Court. It is returnable, not to or before the judge of the court, but to the court itself, to some *regular term of* the Chancery Court, Circuit or Probate Court, as the case may be. To hold that a bond, all the purposes and objects of which are to be worked out and accomplished through the processes *of the court*, and with reference to which nothing whatever is to be done, no action whatever is to be had, except *by the court*, does not belong to the files of the court, and should not bear a caption appropriate to its functions in the court, would be an anomoly too extraordinary for toleration. We can not subscribe to such a doctrine, but hold, with the court below, that the bonds in each of these cases belong to the records of the Probate Court as properly appears by their caption.

Affirmed.