## HUMPHREY *vs.* WHITTEN.

1. *Humphreys* and *Humphrey* are not the same names either in spelling or sound, and it is good matter in abatement that the defendant is declared against by the former when his true sur-name is the latter.

2. A plea in abatement, which sets up new matter, should conclude with a verification, and where it fails to do so, is fatally defective.

3. In this State, defects in pleas in abatement are reached as at common law by general demurrer. The statute abolishing special demurrers has no application to such pleas.

Error to the Circuit Court of Lauderdale. Tried before the Hon. Daniel Coleman.

TROVER by the defendant against the plaintiff in error for the conversion of a horse. The defendant was declared against by the name of James Humphreys and filed as a plea "that he now is and always was called and known by the name of James Humphrey, and not James Humphreys, as by the plaintiff's writ is supposed: wherefore he prays judgment of said writ that the same be quashed." To this plea, which was sworn to by the defendant, the plaintiff demurred, and the court sustained the demurrer. The ruling of the court is now assigned as error.

L. P. WALKER, for the plaintiff in error:

1. The only question in this case arises on the ruling of the Circuit Judge in sustaining the demurrer to the defendant's plea in abatement. The plea alleges that the name of the defendant is *James Humphrey*, and he is sued by the name of James *Humphreys*. The demurrer admits the truth of the plea, and the only question is whether the matter of it be fatal. If the misnomer be substantial it is good cause for abatement of the proceedings, and the criterion by which it is determined is to enquire whether the name disclosed in the plea has the *same sound* with that by which the party was brought into court.— Lynes v. The State, 5 Porter, 240-241. It is too plain for argument that *Humphrey* and *Humphreys* are not *idem sonans*. The following names have been held not to be *idem sonans.*— *Lynes* and *Lyons*, 5 Porter, *supra ; McCann* and *McCarn*, Russ. & Ryan, 351; *Shakepeare* and *Shakespeare*, 10 East. 83. (This

Humphrey v. Whitten.

is directly in point.) *Tarbart* and *Tabart*, 5 Taunt. 14; see also 1 Chitty Pl. 244, to 248-451; 16 East. 110; 11 Ala. 283-287.

2. If the defendant was as well known by the name of *Humphreys* as *Humphrey*, the plaintiff should have replied the fact.— 3 Caines' R. 219; Ham. 61; 3 Taunton, 505.

No counsel for defendant.

PARSONS, J.—In spelling and in sound there is a perceptible difference between the names of Humphreys and Humphrey. They are different names. The plea in this respect is therefore good. But the plea concludes neither with a verification, nor to the country. It denies the sur-name, Humphreys, by which the defendant is sued, and avers his true surname to be Humphrey. This last is new matter, and, of course, the plea should have concluded with a verification, in order that the plaintiff might have an opportunity to answer it.—1 Saunders' R. 103, n. 1; Service v. Heermance, 1 Johns. R. 90. The plaintiff below filed a general demurrer to this plea, and it was sustained by the Circuit Court. It does not appear upon what ground it was sustained, but it is sufficient that there is a good ground, the omission of the verification. Our statutes relative to amendments and special demurrers have produced no change of the law in respect of this question, but it stands as at common law. Although there were special demurrers at common law, they were rarely used and never necessary except in cases of duplicity. The statute, 27 Eliz. c. 5, rendered it necessary to demur specially when the party desired advantage of any imperfection, defect or want of form, in any writ, plaint, &c. Then came the statute of 4 Ann. c. 16, § 1, which rendered a special demurrer necessary in relation to various causes, which were still regarded as matters of substance. This statute, among other things, rendered it necessary to demur specially for the want of the averment or verification in question. But these statutes did not extend to pleas in abatement. It was never necessary to demur specially to them.—1 Tidd's Practice, 695-6, ninth edition. By our statute of 1807, it became necessary here to demur specially for any defect or want of form in writs, declarations, or other pleading, &c.—Clay's Dig. 321, § 50. The want of the necessary verification in concluding a plea in bar, could only

be taken advantage of since this statute, I presume, by a special demurrer. But the act of 1824 takes away all special demurrers.—Clay's Dig. 334, § 118. It says " no demurrer shall have any other effect than that of a general demurrer." I presume there is no mode now of taking advantage of an error of this kind, in a plea in bar. But this is not the case here in relation to a plea in abatement, any more than in England, for it has been held by this court that our statutes do not extend to pleas in abatement, or, at least, that the last-mentioned act does not.—Casey v. Cleveland et. al., 7 Porter, 445. We have no hesitation in concluding that pleas in abatement are not affected by these statutes and that they are left as at common law when a special demurrer was never necessary, unless in cases of duplicity. Let the judgment be affirmed.