[Jacobs v. State.]

# Jacobs *v.* State.

### *Indictment for Perjury.*

1. *Writ of seizure; when justice may issue.*—A justice of the peace, after exacting proper affidavit and bond in a *detinue* suit, has jurisdiction, dependent upon the value of the property, to issue a writ of seizure.

2. *Perjury; what necessary to constitute.*—The materiality to the issue or point of inquiry, which is necessary to constitute perjury, is not confined to matters involved in issues of fact formed during the course of the proceedings, or where the affidavit can be used as evidence on the trial of such issues; it is enough, if the matter falsely sworn to, is material to the point of inquiry at the time it is made.

3. *Same; what sufficient to constitute.*—A plaintiff in an action of *detinue*, who is without right or title which will support the action, and who wilfully and corruptly swears falsely to an affidavit of ownership, thereby procuring an order of seizure from the officer issuing the summons, is guilty of legal perjury; such affidavit, though purely cautionary, and incapable of being used as evidence at any subsequent stage of the proceedings, is material to the point of inquiry at the time it was made, and tends to the abuse of the administration of justice.

4. *Same; what indictment for must show.*—Although our statute has dispensed with many of the allegations necessary in a common law indictment for perjury, it still requires, in addition to the general averment of authority to administer the oath, that the indictment should set forth the substance of the proceedings, that it may distinctly appear that the oath was taken on an occasion, in reference to a matter, and before an officer, or court, having authority to administer it; an indictment not setting out enough of the proceedings to disclose these facts, is insufficient: so also, if it sets out the proceedings, and does not disclose that the oath was lawfully taken.

5. *Misnomer; when fatal to conviction.*—The names of the parties to a judicial proceeding, in which the false oath was taken, must be correctly stated, that the proceedings may be accurately identified; and if not correctly stated, the variance is fatal—as where the suit described in the indictment was against *Cobbs*, and that of which the evidence was given was against *Cobb*.

APPEAL from Montgomery City Court.

Tried before Hon. JOHN A. MINNIS.

The appellant, Isaac Jacobs, was convicted of perjury, on an indictment which charged that Jacobs, " in making an affidavit in an action of *detinue* for the recovery of a yoke of oxen and an ox cart, before John C. Hardwick, a justice of the peace in and for Montgomery county, and State of Alabama, in which I. Jacobs was plaintiff, and C. A. Cobbs was defendant, being duly sworn by the said John C. Hardwick, justice of the peace, &c., who had authority to administer such oath, falsely swore as follows, to-wit:"

VOL. LXI.

[Jacobs v. State.]

"The State of Alabama, county of Montgomery. Before me, John C. Hardwick, a justice of the peace in and for said county, personally appeared I. Jacobs, who being duly sworn, deposeth and saith, that the property sued for in the complaint of I. Jacobs, to-wit, one yoke of oxen and one ox cart belongs to I. Jacobs, the said plaintiff.

"I. JACOBS."

"Sworn to and subscribed before me this, 11th day of June, 1878.          JOHN C. HARDWICK, J. P."

"The matter so sworn to being material, and the oath of the said Isaac Jacobs in relation to such matters being wilfully and corruptly false,—in this, that said property did not belong to Isaac Jacobs, but was the property of Jacobs & Carter, a firm composed of Isaac Jacobs and David H. Carter, against the peace," &c.

On the trial, it was proved that on the 11th day of June, 1878, defendant made the affidavit set out in the indictment, in an action of *detinue* commenced by him against one C. A. Cobb, and there was evidence tending to show that he made it for the purpose of securing a writ of seizure of the property sued for. It was also shown that prior to that time, to-wit, on the sixth day of June, 1878, one W. D. Carter obtained a judgment against the firm of Jacobs & Carter, (of which firm the defendant was a member) and that an execution issued thereon had been levied on the property, as partnership property, and that the constable who made the levy, appointed said Cobb bailee, and left the property in his possession as such. It was also shown, that one Shular had the oxen in his possession, and was bringing them to Montgomery to deliver to the defendant; that they gave out on the way, and he left them with the said C. A. Cobb to rest, and that while said property was in Cobb's possession, he was notified by D. H. Carter, a member of the firm of Jacobs & Carter, not to deliver said property to the defendant, but to hold it subject to his (Carter's) orders, and that in consequence of this notice, the said Cobb did, on the seventh day of June, 1878, and prior to the levy, refuse to deliver the property to Jacobs on demand, and that afterwards, on the 11th day of June, 1878, the defendant commenced the *detinue* suit before J. C. Hardwick, and made the affidavit set out in the indictment. There was evidence tending to show that Jacobs purchased the property himself, and after the purchase charged the firm therewith. It was also shown that prior to the making of the affidavit on which the perjury was assigned, Jacobs in a proceeding before an United States

(29)

commissioner, had made affidavit that this identical prop-erty was the property of the firm. This was substantially all the evidence.

The defendant, among other charges, requested the follow-ing written charge, to-wit: " If the evidence shows that the action brought before Justice Hardwick was against C. A. *Cobb*, and the indictment alleges that it was C. A. *Cobbs*, then the defendant can not be found guilty under this indict-ment." The court refused to give this charge, and the de-fendant excepted.

The jury having returned a verdict of " guilty as charged," the defendant moved in arrest of judgment, on the following grounds :

" 1. Because the indictment charges no offense known to the law.

" 2. Because said indictment fails to show that defendant had no right to make the affidavit upon which the perjury is assigned.

" 3. Because said indictment fails to show that the oath assigned as perjury was relevant to any issue in any judical proceedings ; or that any judicial action was taken thereon.

" 4. Because said indictment, by its own allegations, shows that defendant had the right to make the oath, upon which the perjury is assigned."

This motion was overruled, and the defendant sentenced to two years hard labor for the county. The refusal to give the charge requested, and the overruling of the motion in arrest of judgment, are now assigned as error.

J. S., and JOHN GINDRAT WINTER, for appellant.—The oath was immaterial to any issue in the case, and can not be the subject of perjury. Its only purpose and effect was to procure an order of seizure, and the order being made, the affidavit had served its purpose and was *functus officio*. It was never evidence of any fact ; and the justice would be compelled to issue the writ of seizure if the statutory bond and affidavit were made, even though he knew that the oath was false, from beginning to end. In granting the order of seizure, the justice did not act judicially, but ministerially. There was not and could not be any judicial action, based on this affidavit ; its truth, in no sense, promoting the object for which it was taken, and its falsity in no respect hinder-ing it. The oath is without the essential element of materi-ality, and can not support an indictment for perjury. Again: the indictment charges that the property belonged to Jacobs

& Carter, a firm of which the defendant was a member. Each partner is entitled to the exclusive possession of the partnership property, as against a stranger, which Cobbs certainly was in this case; and either could bring a suit to obtain, or could defend the possession. The affidavit defendant made, and on which the perjury is assigned, could be made by a mere bailee; and in this case, Jacobs did own the whole property, subject to the equal ownership of his partner.—See *Crosswell v. Lehman, Durr & Co.*, 54 Ala. 366. The fourth charge should have been given. The names Cobb and Cobbs are not *idem sonans*, and the variance is material.—See *Lyons v. State*, 5 Port. 236; *Humphrey v. Whitten*, 17 Ala. 30.

H. C. TOMPKINS, Attorney-General, *contra*.—The indictment clearly shows that there was a pending suit for the specific property mentioned therein, and that the oath taken was one authorized by law. It is not necessary that the indictment should show, wherein or how the matter sworn to was material; it is sufficient to charge generally that it was material.—2 Whart. Crim. Law, § 2263, and authorities cited; 2 Bish. Con. Pr. §§ 854 and 855. Wherever the law exacts an oath as a condition precedent to the granting of an order or writ, that oath is material; and perjury may be committed in taking the oath, if wilfully and corruptly false.

BRICKELL, C. J.—1. Justices of the peace have jurisdiction of actions of detinue, dependent on the value of the property in controversy. When an action of detinue is instituted in the circuit court, the plaintiff on making affidavit that the property sued for belongs to him, and the execution of a bond with surety, for the payment of all such costs and damages as the defendant may sustain from the wrongful suit, can obtain an order directing the officer executing the summons, to take possession of the property.—Code of 1876, § 2942. Statutory provisions regulating civil suits in the circuit court, so far as applicable, are declared in full force as to the rights of parties and to suits before justices of the peace. The purposes of the statute—the security and preservation of the property, pending the suit for its recovery, so that it may be forthcoming to answer the judgment, or the successful party indemnified against injury from its conversion or loss, extend with like force to an action of detinue before a justice, as to the action when commenced in the circuit court. While some of its provisions may seem to

[Jacobs v. State.]

indicate that it was designed to be limited to suits in the circuit court, yet it is capable of a just application to suits before justices, and such application, renders the jurisdiction of the justice more beneficial to suitors. We, therefore, regard it as a *regulation of suit,* falling within the operation of section 3662 of the Code.

2. The affidavit, the plaintiff in an action of detinue is required to make, serves its purpose, when the order of seizure is made. It is purely *cautionary*—a pledge of good faith in the commencement of the suit, required to prevent an abuse of the extraordinary power to disturb and displace the possession of the defendant, before he has had the opportunity of being heard in defense of it, and before judgment pronouncing it wrongful. When the order is made, the force of the affidavit is exhausted, and it is not evidence in any subsequent stage of the suit. To constitute indictable perjury, the matter or thing sworn to, must be material to the issue, or to the point of inquiry. The *materiality* is not, as is argued by the counsel for the appellant, confined, when the oath is taken in a judicial proceeding, to matters which are involved in the issues of fact formed during the course of the proceeding. Nor is it essential that the affidavit should be capable of being used as evidence on the trial of such issues. It is enough, that the matter falsely sworn to, is material to the point of inquiry, at the time it was made. Oaths are of frequent necessity at the commencement, or during the progress of judicial proceedings, which are matters of evidence only to procure the exercise of some particular power from the court, or from some officer charged with the exercise of power, and which can exert no influence on the final judgment, or in any subsequent stage of the proceeding. Thus, formerly an affidavit to hold a defendant in a civil case to bail, may have been false, and may have been made at the commencement, or pending the suit; or bail may falsely swear, or others may falsely swear as to their sufficiency; or an affidavit may be falsely made to procure a writ of arrest, or as foundation for proceedings to compel another to keep the peace. The force of the false oath, as matter of evidence, is exhausted, when the point of inquiry is determined. Yet in each case, the essential quality of indictable perjury, *materiality to the point of inquiry*, exists.—Hawkins, book 1, chapter 69; *Pratt v. Price,* 11 Wend. 127; *State v. Johnson,* 7 Blackf. 49; *White v. State,* 1 S. & M. 149. All such false oaths tend to the abuse of the administration of justice, and are indictable perjuries, though not affecting the

[Jacobs v. State.]

principal judgment to be rendered in the cause.  A plaintiff
in an action of detinue, who is without right or title which
will support the action, and who wilfully and corruptly
swears falsely to an affidavit of ownership, thereby procuring
an order of seizure from the officer issuing the summons,—
an order the officer can not withhold, if the plaintiff also
executes a proper bond, is guilty of legal perjury.

3. It is said by Mr. Chitty, that "in former times, indict-
ments for perjury were exceedingly prolix and dangerous."
And it seems certain that at common law, it was deemed
necessary the indictment should with great particularity set
forth the proceeding in which the oath was taken, and the
character and jurisdiction of the court or officer administer-
ing it.  Prosecutions for the offense were embarrassed by
this particularity, and as is recited in the preamble to the
act of 23 Geo. 2, c. 11, § 3, sometimes thereby the guilty
were enabled to escape unpunished.—2 Russ. Cr. 621; 2
Bish. Cr. Pr. § 901.  The evil, it was the purpose of that
act to remove; and it dispensed with the necessity of setting
out in the indictment the pleadings, or any part of the record
or proceedings, or the commission or authority of the court
or person before whom the perjury was committed; declar-
ing it sufficient to set forth the substance of the offense
charged upon the defendant, and by what court, or before
whom the oath or affirmation was taken, averring such court
or such person or persons had competent authority to admin-
ister the same, with proper averments to falsify the matter
or matters wherein perjury was assigned.  This act was
adopted in terms by the territorial legislature in 1807, (Aik.
Dig. 118, § 22;) and it was part of the Penal Code of 1841,
(Clay's Dig. 445, § 35.)  The present statute is not mate-
rially variant, and reads: "In an indictment for perjury, or
subornation of perjury, it is not necessary to set forth the
pleadings, record, or proceedings, with which the false oath
is connected, nor the commission or authority of the court
or person before whom the perjury was committed; it is
sufficient to state the substance of the proceedings, the name
of the court or officer before whom the oath was taken, and
that such court or officer had authority to administer it, with
the necessary allegations of the falsity of the matter on which
the perjury is assigned."—Code of 1876, § 4813.  It is said
by Judge Gaston, the principal effect of the act of 23 Geo.
2, " was to substitute in the indictment the general averment
of a competent authority to administer the oath, in the place
of a specific averment of the facts, showing such authority,

[Jacobs v. State.]

and to make the question, whether the oath was or was not taken before a competent jurisdiction, a compound question of fact and law, to be decided by the petit jury under the advice of the court."—*State v. Gallimore*, 2 Ired. 375–6. Under the present statute, a general averment of authority to administer the oath is sufficient. In addition to this general averment, the indictment must set forth the *substance of the proceedings*, that it may distinctly appear the oath was not extra-judicial—that it was taken on an occasion, in reference to a fact material, and before a court or officer having authority to administer it; when if false, it is the subject of legal perjury. An indictment not setting out enough of the proceedings to disclose these facts, is not sufficient under the statute. Or if it sets out the proceedings, and does not disclose the oath was lawfully administered, it is insufficient.

The present indictment avers only that the appellant had commenced an action of detinue before a justice of the peace, and had made affidavit of his ownership of the chattels sued for, which is averred to be false. The purpose of making the affidavit is not shown, nor is it shown that it was used, or attempted to be used in the course of the suit. The affidavit was not authorized by law, unless the appellant had applied for an order of seizure of the chattels. If no such application was made or no such order obtained, the affidavit was extra judicial, the justice was without authority to take it, and it is not the subject of indictable perjury.—*People v. Fox*, 25 Mich. 492; *People v. Gaige*, 26 Mich. 30. The allegations of the indictment may be true, and the affidavit may have been improperly extorted by the justice as a condition on which he would entertain the suit, and issue process for the appearance of the defendant. Or, it may have been ignorantly made, to be used as evidence on behalf of the appellant on the final trial before the justice. There must be an oath authorized by law, and the indictment must show it affirmatively. It does not appear from the present indictment, that the justice had authority to administer the affidavit, and it could only be made to appear, by the averment that the appellant had applied for an order of seizure under the statute. If such application and order of seizure was made, the substance of the proceedings are not stated, and the indictment is not in conformity to the statute.

4. The occasion of administering the oath must be correctly stated in the indictment. The proceeding, if judicial, in which it was administered must be accurately described, so that it is capable of being identified.—2 Chit. Cr. Law,

[Lehman, Durr & Co. v. Warner.]

307. The names of the parties to the proceeding, are essential to its identity, and if incorrectly stated, the variance is fatal to the prosecution. The suit described in the indictment was against *Cobbs*, while that of which evidence was given, was against *Cobb*. The names are not *idem sonans*. *Humphrey v. Whitten*, 17 Ala. 30. The appellant was entitled to the fourth charge requested.

We do not deem it necessary in the present state of the record, to consider any other question which the case may involve. If they should arise again, it will be probably in a different mode. The judgment must be reversed and the cause remanded. The prisoner will remain in custody until discharged by due course of law.