# Adams *v.* The State of Alabama.

*Indictment for an Affray.*

1. *Idem sonans; names Mincher, and Minchen, not.*—The names, *Mincher* and *Minshen,* are not *idem sonans*; and a plea in abatement, to an indictment charging Wm. Mincher with an offense, is properly sustained on proof that the defendant's name is Minchen.

2. *Variance between allegation and proof.*—Where the defendant was indicted for an affray with Wm. *Mincher,* and the court permitted evidence to be introduced, showing that defendant and Wm. *Minshen* fought together in a public place, there was a fatal variance between the allegations and the proof, the admission of such evidence was error, and it should have been excluded on motion.

APPEAL from Cherokee Circuit Court.
Tried before Hon. L. F. Box.
The facts need not be stated.

J. H. SAVAGE, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment in this case charges

the appellant, Adams, and one William *Mincher*, his co-defendant, with an affray, for fighting together in a public place. *Mincher* filed a plea in abatement alleging a misnomer, and averring his name to be William *Minshen*, and that he was known and called by that name. The court sustained this plea and quashed the indictment as to him; Adams, however, was put to trial upon the plea of not guilty.

Under this indictment evidence was allowed to be introduced, against appellant's objection, showing that he and one William *Minshen* fought together in a public place in the county of Cherokee within twelve months before the finding of the indictment.

We think this was error, for the reason that the names *Mincher* and *Minshen* are not *idem sonans*, and there was a clear variance between the name proved and that alleged in the indictment, which is fatal. In contemplation of law they were two different and distinct persons. The plea of misnomer was properly sustained, and the evidence objected to should have been excluded.—Whart. Cr. Ev. (8th Ed.) §§ 94, 6; *Lawrence v. State*, 59 Ala. 61; 1 Brickell's Digest, p. 6, §§ 84–89.

Reversed and remanded.