# Munkers *v.* The State.

*Indictment for Seduction.*

1. *Misnomer; pleadings as to* —The difference between the names *Munkers* and *Moncus* is sufficient to support a plea of misnomer, when a demurrer is interposed to it; if, by local usage, the names have the same pronunciation, issue should be taken on the plea, or a replication should be filed.

2. *Evidence corroborating prosecutrix.*—By statutory provision, a conviction of seduction can not be had on the uncorroborated testimony of the woman herself (Code, § 4015); the corroboration must be as to a material matter, must connect the defendant with that matter, and must be sufficient to satisfy the jury, beyond a reasonable doubt, of the truth of the woman's testimony; and the defendant's own admission to third persons of an engagement between him and the woman, and of his intention to marry her, are admissible as evidence against him, and sufficient to meet the statutory requirement, though they may not be sufficient to satisfy the jury beyond a reasonable doubt.

3. *Chastity of prosecutrix; charge on different aspects of evidence.*—The

[Munkers v. The State.]

chastity of the prosecutrix, at the time of the alleged seduction, is an essential ingredient of the offense, and is to be presumed in the absence of evidence to the contrary; but a reasonable doubt of its existence entitles the defendant to an acquittal, and if the testimony of the parties is in irreconcilable conflict, as to the fact of prior illicit intercourse between them, he is entitled to have charges given based on the supposed truth of his own testimony.

4. *Reasonable doubt; and "reason to believe."*—A charge asked, asserting the right to an acquittal if the jury "have reason to believe" certain facts hypothetically stated, is properly refused, since the expression is not the equivalent of *belief*, and does not correctly state the doctrine of reasonable doubt.

FROM the Circuit Court of Clay.

Tried before the Hon. LEROY F. BOX.

The defendant in this case was indicted, by the name of Richard *Munkers*, for the seduction of Dora Wright, an unmarried woman; and pleaded in abatement that his true name was Richard *Moncus*, and that he had always been known and called by that name. A demurrer was interposed to this plea, on the ground that each name was *idem sonans*, and it was sustained; and the cause was tried on issue joined on the plea of not guilty. On the trial, the prosecutrix swore positively to her seduction by the defendant, under promise of marriage, in December, 1887; that she allowed him to have sexual intercourse with her on two occasions during that month, and had never had intercourse with him or any other man at any other time. The defendant, testifying for himself, denied that he had ever made any promise of marriage, and said that he had had sexual intercourse with the prosecutrix once or twice each week, with intervals, from November, 1886, until her miscarriage in July, 1888. The State adduced evidence of the defendant's declarations or admissions, made to several different persons in December, 1887, or about that time, of his intention to marry the prosecutrix; and the court admitted this evidence, against the objection and exception of the defendant.

The court charged the jury, at the instance of the solicitor, "that if the evidence corroborates the prosecutrix in material facts, and satisfies the jury that she is worthy of credit, then the corroboration is sufficient." The defendant excepted to this charge as given, and also to the refusal of each of the following charges, which were asked by him in writing: (1.) "If the jury believe from the evidence that the defendant had sexual intercourse with Dora Wright in November, 1886, and continued in such acts of sexual intercourse until December, 1887, they must find him not guilty." (2.) "Al-

[Munkers v. The State.]

though Dora Wright's general character may have been good in December, 1887, yet, if the jury have reason to believe from the evidence that the defendant had been having sexual intercourse with her once or twice a week, from November, 1886, to December, 1887; they must find him not guilty." (3.) "If the jury have a reason to believe from the evidence that the defendant had sexual intercourse with Dora Wright in November, 1886, and continued to have sexual intercourse with her once or twice a week until within a few weeks of July, 1888, then they must find him not guilty."

KELLY & SMITH, for appellant, cited *Nutt v. State*, 63 Ala. 184; *Lynes v. State*, 5 Porter, 236; 11 Atlantic Rep. 602; *Wilson v. State*, 73 Ala. 528.

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The demurrer to the plea of misnomer, interposed by appellant to the indictment, presented for decision by the court the question, whether Richard *Munkers*, by which name the defendant is indicted, is *idem sonans* with Richard *Moncus*, which the plea avers to be his true name, by which he has always been called and known. Though this is strictly a question of pronunciation, when raised by demurrer, it may be treated as a question of law; but, in such case, the judgment of the court should express the conclusion of law from facts or rules of which judicial notice may be taken. When there is no generally received English pronunciation of the names as one and the same, and the difference in sound is not so slight as to be scarcely perceptible, the doctrine of *idem sonans* can not be applied without the aid of extrinsic evidence, unless, when sound and power are given to the letters, as required by the principles of pronunciation, the names may have the same enunciation, or sound. There is a material difference in orthography, and a perceptible difference between *Moncus* and *Munkers*, when ordinary sound and power are given to the variant letters. They are as different names as some which this court has held not to be *idem sonans.—Lynes v. State*, 5 Port. 236; *Humphrey v. Whitten*, 17 Ala. 30; *Nutt v. State*, 63 Ala. 180; *Adams v. State*, 67 Ala. 89. If by local usage the names have the same pronunciation, it becomes a question of fact, which must be referred to the jury. The court erred in

[Munkers v. The State.]

sustaining the demurrer to the plea. The State should have taken issue, or replied.

The defendant was convicted of seduction, under section 4015 of Code, 1886, which declares: "No indictment or conviction shall be had under this section, on the uncorroborated testimony of the woman upon whom the seduction is charged." This clause of the statute was fully considered in *Cunningham v. State*, 73 Ala. 51. It was then construed as not requiring that other witnesses shall testify to every fact testified to by the woman; but that its requirements are met, when the corroboration is of some matter which is an element of the offense, and its effect is to satisfy the jury that the corroborated witness has testified truly. The true rule is stated as follows: "That the corroboration shall be such as to convince the jury, beyond reasonable doubt, that the witness swore truly; but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter, and the matter itself must not be in its nature formal, indifferent, or harmless." This construction was re-affirmed in *Wilson v. State*, 73 Ala. 527, at a subsequent term of the court. The corroborating evidence consisted of the defendant's frequent visits to the female for whose seduction he was indicted, his escorting her to church, parties, and other social gatherings, and his admissions of an engagement and intention to marry her, made about the time of the alleged seduction. A promise of marriage is one of the alternative elements of the offense denounced by the statute. The corroboration was as to this act, with which the evidence connected defendant. His admissions were properly received in evidence. The phraseology of the charge of the court on this subject may be objectionable, as importing to the jury that the *corroborating testimony* was sufficient. Evidence may be sufficient to meet the statutory requirement as to corroboration, and yet not sufficient to satisfy the jury beyond a reasonable doubt that the woman swore truly.

The chastity of the woman, at the time of the criminal connection, is an essential ingredient of the offense. The statute provides, "No conviction shall be had, if on the trial it is proved that such woman was, at the time of the alleged offense, unchaste." The female, upon whom the seduction is charged, testified that, though the defendant had solicited her three or four months previously, she did not yield to his persuasions until December, 1887, during which month she

had sexual intercourse with him on two occasions, and had never had sexual intercourse with him or any other man prior to or since that time. This was the time elected by the State, and no evidence tending to show a seduction at any other time was offered. The defendant offered himself as a witness, and testified, that he first had sexual intercourse with her in November, 1886, under circumstances, which, if true, tended to show that it was through her inclination as well as his; and that he continued to do so once or twice a week, until a short time before her miscarriage in July, 1888. He further testified, that he did not promise to marry her. There is an irreconcilable conflict between his testimony and that of the female. It was for the jury to determine whom they would believe. If his testimony be true, as to which we intimate no opinion, the sexual intercourse, in its inception, was not induced by "temptation, deception, arts, flattery or a promise of marriage," and was continuous in practice. If such be the facts, the woman was unchaste at the time of the alleged seduction, in December, 1887. It was the right of defendant to have given to the jury instructions based on the hypothesis which his evidence tended to establish, thus submitting its credibility to them; especially as a reasonable doubt of the chastity of the woman is fatal to a conviction.— *Wilson v. State, supra.* Her chastity will be presumed, in the absence of evidence of a want of chastity; but, when there is contrary evidence, though it may be regarded insufficient, the court should not withdraw its consideration from the jury.

On the case as presented by the record, and in view of the fact that the woman and defendant are the only witnesses as to the act of seduction, the first charge asked by the defendant should have been given. The others are objectionable, in that acquittal is based on the ground that the jury have *reason* to believe from the evidence that the parties had previous sexual intercourse. Verdicts should be founded on belief, not a mere reason to believe. There may be a reason, yet insufficient as a predicate of belief. In this case, the belief of prior sexual intercourse should be strong enough to create a reasonable doubt of the pre-existing chastity of the woman.

Reversed and remanded.