[Merlette v. The State.]

# Merlette *v.* The State.

*Indictment for Perjury.*

1. *Judicial and ministerial acts; how distinguished.*—Official action the result of judgment or discretion is a judicial act; but the act is ministerial when the law exacting its performance prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion.

2. *Same.*—Another test is whether the specific exercise of the duty or power would be enforced by *mandamus*; if the power invoked be ministerial and if the official act be the doing of a specific thing, *mandamus* will lie to compel the act to be done as prayed for; if the power be judicial, then *mandamus* will lie to compel action, but not to control or direct the shape such action shall take.

3. *Same; delegation of*—Judicial authority can not, in the absence of statutory authorization, be delegated, or vested in a deputy, or appointee of the rightful incumbent; but ministerial power may be rightfully exercised by an assistant or deputy.

4. *Perjury; when may be predicated of false oath under commission issued by the deputy of register in chancery.*—The duty of a register in chancery under subd. 5 of § 736 of the Code, and Rule 60 of chancery practice, in issuing a commission to take testimony when no objection is filed by the opposite party to the commissioner named by the party filing the interrogatories, being ministerial, and not judicial, it may be performed by a deputy or assistsnt to the register, and perjury may be predicated of a falsehood the witness may have uttered while giving his deposition before a commissioner so appointed.

5. *Plea in abatement; misnomer.*—Where the defendant is described and charged in the indictment as Ben Mulette, and in proper form pleads in abatement that his name is Merlette, it is error to sustain a demurrer to such plea, the two names not being *id-m sonans*, nor near enough thereto to meet the requirements of the legal rule.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant was indicted for perjury committed in his examination, before a commissioner appointed under a commission issued in a cause pending in the City Court of Montgomery in equity.

The solicitor for the complainant in said chancery cause, filed interrogatories to the said Merlette in the registers office and suggested in writing, one Faber, to take the testimony of said defendant, and the counsel for defendant in said chancery cause consented in writing to the issue of a commissioner to take the deposition of the said Merlette. Thereupon, the chief clerk in the office of the register in the absence of the register, and without his knowledge, signed

[Merlette v. The State.]

the name of the register to the said commission and delivered the same with the interrogatories to the said Faber, as commissioner, the said clerk acting in that behalf pursuant to a general authority from the register to sign his name and to do all things in his name that he could so legally do when necessary or proper.   The commissioner, Faber, having called the witness, Merlette, before him, and having duly sworn said witness, took down his testimony in writing in answer to said interrogatories and duly certified and returned said depositions into the court whence the commission issued, and the perjury charged in the indictment against said defendant Merlette, is predicated upon part of the testimony of the said defendant given before said commissioner.   The defendant moved the court to exclude from the consideration of the jury all the evidence as to the testimony of the defendant taken before the said Faber, and the fact as testified to by said Faber, that he had sworn the said defendant; upon the ground that said Faber had no authority to administer said oath to said defendant; which motion the court overruled, and to this action of the court the defendant then and there duly excepted.   The defendant pleaded in abatement to the indictment that his name was not Ben Mulette, as therein charged, and that he had never been known as, or called, Ben Mulette, but that his real name, and the one under which he is generally known and called is Ben Merlette—which plea was duly sworn to before the clerk of the court.   The solicitor having demurred to this plea, the demurrer was sustained by the court, and thereupon the defendant was tried on his plea of not guilty and was convicted.

JOHN GINDRAT WINTER, for the appellant, cited *Com. v. Warren*, 143 Mass. 568; *Munkers v. The State*, 87 Ala. 96; British C. C. Vol. 6, p. 233 ; Cox Crim. Cases, p. 237; *Com; v. Donovan*. 13 Allen, 571; *Com. v. Jennings*, 121 Mass. 47. *Tarpley v. The State*, 79 Ala. 271 ; *Nutt v. The State*, 63 Ala. 183 ; *Jacobs v. The State*, 61 Ala. 448; *Lyon v. The State*, 5 Por. 236 ; Mechem on Public Officers, §§ 566, 569 ; Throop on Public Officers, §§ 569, 576 ; Code 1886, § 3470 ; Rule 60 of Chancery Practice, Code 1886, p.821 ; *Grider v. Tally*, 77 Ala. 422; *Rooney v. Simmons*, 97 Ala. 88; *Ex parte Mahone*, 30 Ala. 49; *Ex parte Jones*, 94 Ala. 33.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The defendant was indicted and convicted of perjury, and the record presents for our consideration

[Merlette v. The State.]

the legality of the oath administered to the witness, under which he is charged to have committed perjury.

The perjury is charged to have been committed before one Charles Faber, a commissioner appointed for the purpose, in giving his testimony for complainant, in a certain suit in equity, in which Wesley Wilson was complainant, and Emma Wilson was defendant. The commission was in due form, and was issued in the name of V. M. Elmore, who was the register of said court. It was objected, however, and proved, that when the commission was issued, the said register was not in his office, that it was neither issued nor signed by him, but that it was issued and signed in his name by another, who was an employe and assistant in his office. It is contended that the issue of the commission was without authority and illegal, and that as a consequence, the said commissioner so appointed could not administer a lawful and binding oath, and that perjury cannot be predicated of any falshood the witness may have uttered while giving his deposition. Whether the oath so administered by Faber was legal and binding is the question in this case.

Our statutes make no provision for the appointment of a deputy register of the Chancery Court. Code of 1886, § 732. The register's duties are prescribed, some of which are judicial and some ministerial, § 736. Subdiv. 5 pertains to the taking of testimony by deposition, and the register's duties therein. See also rule 60 of Chancery practice, p. 821. It will be seen that a party desiring to take the deposition of a witness files with the register his interrogatories to be propounded, "giving the names of the commissioner or commissioners." These are then served on the opposite party, or his counsel. Such opposite party may file his objections to the commissioner or commissioners named, and if he should do so, the register passes on them, and allows them or disallows them. If he disallows them, or if none be interposed, it is then his duty to issue the commission to the person or persons named. This is a duty which the law itself has prescribed, and the register is left without discretion in the premises. Is such an act judicial, or ministerial? No objection to the commissioner proposed was filed in this case.

Defining the line of distinction between judicial and ministerial functions, it was said by this court in *Grider v. Tally,* 77 Ala., 422, "judicial power is authority vested in some court, officer or person, to hear and determine when the rights of persons or property, or the propriety of doing an act, are the subject matter of adjudication. Official action,

[Merlette v. The State.]

the result of judgment or discretion, is a judicial act. The duty is ministerial, when the law exacting its discharge, prescribes and defines the time, mode and occasion of its performance, with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act." Citing authorities. Throop Public Officers, §§ 535, 538, 539 ; *Flournoy v. Jeffersonville*, 17 Ind., 169 ; 14 Amer. and Eng. Encyc. of Law, 100, in note.

Another test for determining whether any given official power or duty is ministerial or judicial, is brought into requisition by the inquiry, would its specific exercise be enforced by *mandamus ?* If the power invoked be ministerial, and if the official act be the doing of a specific thing, then *mandamus* will lie to compel action, but not to control or direct the shape such action shall take. The one is determinative in its purpose and effect, while the other simply puts the machinery of the law in motion, without commanding or directing what judgment shall be rendered. 14 Amer. and Eng. Encyc. of Law, 99, 108-9; 3 Brick. Dig., 625, §§ 6, 7. In *Roney v. Simmons*, 97 Ala., 88, we approved and affirmed a judgment of a Circuit Court, which, by *mandamus*, had commanded the doing of a specific thing, on facts which cannot be distinguished in principle from those presented in this record. See 14 Amer. and Eng. Ancyc. of Law, 100, in note.

Judicial authority cannot, in the absence of statutory authorization, be delegated or vested in a deputy, or appointee of the rightful incumbent. Not so with ministerial power. It may be rightfully exercised by an assistant or deputy. Mechem on Public Officers, §§ 567-8; Throop Pub. Off., §§ 569, *et seq.*

We have not discussed the question, whether, even if the commission in this case had been issued without authority, it would not have constituted the commissioner a *quasi* officer *de facto*, and legalized the oath administered by him to the witness, so as to make its violation a predicate for the charge of perjury. The authorities on this inquiry will be found in conflict. We need not, and do not undertake their reconciliation. Throop Pub. Off., §§ 653, *et seq.*; Mechem Pub. Off., §§ 328, *et seq.*; 18 Amer. and Eng. Encyc. of Law, 302, *et seq.*; *Mayo v. Stonum*, 2 Ala., 390 ; *Lockhart v. City of Troy*, 48 Ala., 579 ; *Masterson v. Matthews*, 60 Ala., 260 ; 3 Greenl. Ev., § 190; 2 Bish. Cr. law, 7th Ed., § 1026 ; *Cary v. State*, 76 Ala., 78.

[Mathews et al. v. The State.]

We hold that the oath in this case was lawfully administered. .

The defendant was described and charged in the indictment as Ben Mulette.  He pleaded in the indictment that his name is Merlette.  The plea is in proper form, and was sworn to.  The City Court sustained a demurrer to this plea, and this ruling is complained of as error.

In this ruling the City Court erred.  Mu and Mer are not *idem sonans*, nor near enough thereto to meet the requirements of the legal rule.   *Lawrence v. State*, 59 Ala., 61; *Adams v. State*, 67 Ala., 89 ; *Munkers v. State*, 87 Ala., 94 ; *Lyons v. State*, 5 Por., 236 ; *Jacobs v. State*, 61 Ala., 448, and other authorities on brief of counsel.

Reversed and remanded.