# Noble *v.* The State.

*Indictment for Grand Larceny.*

1. *Plea of misnomer; issue presented by replication.*—Where the defendant in a criminal case files a plea of misnomer, and to this plea the State files special replications alleging that the defendant is and was as well known and called by the name as averred in the indictment as by the name averred in the defendant's plea, under the issue presented by such special replications the question is, whether at the time of preferring the indictment, such were the facts as averred in the replications, and not whether it was true at the time of the trial of the defendant.

APPEAL from the City Court of Montgomery.
Tried before the Hon. WILLIAM H. THOMAS.
The appellant in this case, Levi Noble, was indicted,

[Noble v. The State.]

tried and convicted for grand larceny and sentenced to the penitentiary for three years.

The defendant interposed the plea of misnomer, to which the State filed special replications. The issue joined upon these pleadings was separately tried, and was found in favor of the State. The evidence in reference thereto is sufficiently stated in the opinion.

Upon the introduction of the evidence, the court at the request of the State gave to the jury the following written charges: (1.) "If the jury believe from the evidence that the defendant is as well known and called by the name of Levi Noble as Levi Nobles, then they must find the issue for the State." (2.) "If the jury believe from the evidence that the difference in pronunciation of the defendant's name is so slight that the defendant is called and known by either the name of Levi Noble or Levi Nobles, then they must find the issue in favor of the State."

The defendant separately excepted to the giving of each of these charges, and also duly excepted to the court's refusal to give the general charge in his favor requested by him. Upon issue joined on the plea of not guilty, the defendant was convicted, but it is unnecessary to set out the facts disclosed upon such trial.

HILL, HILL & WHITING, for the appellant, cited Jacobs v. State, 61 Ala. 448; Munkers v. State, 87 Ala. 96; Washington v. State, 68 Aal. 88; Underwood v. State, 72 Ala. 220.

MASSEY WILSON, Attorney-General, for the State, cited Washington v. State, 68 Ala. 85; Gerrish v. State, 53 Ala. 476; Underwood v. State, 72 Ala. 220; Marler v. State, 67 Ala. 55; Mann v. State, 134 Ala. 1.

TYSON, J.—The indictment upon which the defendant was tried and convicted, alleged his name to be Levi Noble. He interposed a plea of misnomer in which he alleged his true name is Levi Nobles and that he has always been called and known by that name, and not by the name of Levi Noble. To this plea the solicitor re-

plied generally and also specially : 1st, that the defendant is and was as well known and called by the name of Levi Noble as by the name of Levi Nobles; 2d, that defendant is and was as well known and called by the name by which he is indicted as by the name alleged to be his true and real name in the plea. Issue was joined on the replications.

It is entirely clear that the queston of *idem sonans* is not presented by these issues. Nor indeed could it have been, since the name *Noble* and *Nobles* are not as matter of law *idem sonans.*—*Humphrey v. Wheeten,* 17 Ala. 30; *Jacobs v. The State,* 61 Ala. 448; 21 Am. & Eng. Ency. Law, (2d ed.) 313, 317. The testimony on behalf of the defendant, tended to support his plea, while that of the prosecution tended to support the special replications, thus presenting a question for the determination of the jury. It will be observed that under the issues presented by the special replications, and properly so, the question was not whether at the time of the trial the defendant was as well known and called by the name of Levi Noble as Levi Nobles, but whether at the time of preferring the indictment such was the fact. This is necessarily so, from the nature of the plea which is one in abatement and the object sought to be accomplished by it.—*Washington v. The State,* 68 Ala. 88.

The first written charge given at the request of the State on these issues is not in accord with this view and was improperly given. The second charge was in its nature an argument but the giving of it would not, perhaps, be a reversible error. The general affirmative charge requested by defendant was properly refused, since, as we have said, under the issues and evidence, whether defendant was properly identified by the name alleged in the indictment was a question for the jury. We do not deem it necessary to review the exceptions reserved during the trial upon the issue made by the defendant's plea of not guilty.

Reversed and remanded.