# CASES

## IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1913-14.

## Wells *v.* The State.

### *Murder.*

(Decided June 18, 1914.   65 South. 950.)

1. *Homicide; Evidence; Character of Deceased.*—The violent character of deceased may be shown by a defendant in a prosecution for homicide, but before that right can arise, evidence tending to show that defendant killed deceased in defense of his person, must be introduced, or some overt act or hostile demonstration on the part of deceased shown.

2. *Same.*—Where deceased and defendant had a difficulty shortly before the killing and defendant left the place and did not return for some minutes, the state cannot show the particulars of the difficulty although entitled to show the fact of the difficulty, as that difficulty was not a part of the res gestæ.

3. *Same.*—It was competent to show that after defendant had killed deceased he turned his pistol upon another person and shot at him, it being a part of the res gestæ.

4. *Same; Variance; Name.*—The state must show and prove the name of deceased as set out in the indictment, it being a constitutional requirement, and in accordance with the common law, that the indictment in a homicide case shall state the name of deceased; a failure to prove the name as stated constitutes a fatal variance.

5. *Same; Idem Sonans.*—The name "Sagars" or "Segars" is not idem sonans with the name "Sagar" or "Segar"; hence, proof that defendant killed one "Sagar" constitutes a fatal variance where the indictment alleged that he killed one "Sagers."

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Mitchell Wells was convicted of murder in the second degree, sentenced to the penitentiary for 25 years, and he appeals.   Reversed and remanded.

1—187

The indictment charged that Mitchell Wells unlawfully and with malice aforethought killed B. Sagers, alias B. Segers, by shooting him with a pistol. The evidence admitted as to the former difficulty was that about one-half hour before the shooting Mitchell Wells and deceased had a difficulty; that, in fact, there were two difficulties before the shooting took place, the details of which were permitted by the court to be gone into by the state; and that, after the second difficulty, defendant went up around the store about 150 yards away from the place of the shooting, and that he remained there a few minutes, when he came back and the shooting took place. The state was also permitted to show that right immediately after the moment when Segers was shot down defendant turned his pistol on a fellow named Will Hawkins and tried to pick a chance to shoot him. The other facts sufficiently appear.

The following are the charges refused:

(23) I charge you that you must believe beyond a reasonable doubt from all the evidence in this case that deceased was commonly known and called in the community where he lived by the name of "B. Sagers," or "B. Seegars," before you can find him guilty under the indictment. (24) Practically same as 23.

BALDWIN & MURPHY, for appellant. Defendant was entitled to show the violent and bloodthirsty character of deceased.—*Roberts v. State,* 68 Ala. 156; *DeArman v. State,* 71 Ala. 351. The indictment must set out the name of deceased and a failure on the part of the state to prove the name as alleged in the indictment constitutes a fatal variance.—*Crawford v. State,* 21 South. 214. The names were not idem sonans.—*Adams v. State,* 67 Ala. 89; *Jacobs v. State,* 61 Ala. 448; *Noble v. State,* 139 Ala. 92. Counsel discuss the charges re-

[Wells v. The State.]

fused, with citation of authority, but it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney. General, and W. L. MARTIN, Assistant Attorney General, for the State.

ANDERSON, C. J.—While it has long been settled by the decisions of this court that the violent character of the deceased may be shown by the defendant in a homicide case, the right to do so arises only after there has been evidence tending to show self-defense; that is, some overt act or hostile demonstration upon the part of the deceased. At the time the defendant attempted to prove the character of the deceased, by the witness John Minshew, there had been no evidence tending to show that the deceased was the aggressor, and the trial court did not err in declining to let the defendant prove this fact, although the evidence may have been rendered admissible by the subsequent development of the defendant's evidence, had it been subsequently offered.

While the state had a right to show a former difficulty between the defendant and the deceased, it had no right to go into the details or particulars.—*Bluett v. State*, 151 Ala. 41, 44 South. 84; *Robinson v. State*, 155 Ala. 67, 45 South. 916; *Patterson v. State*, 156 Ala. 62, 47 South. 52. The trial court committed reversible error in permitting the details and particulars of the prior difficulty. Nor was it so closely connected with the killing as to be one and the same transaction and so contemporaneous therewith as to make it a part of the res gestæ. The proof shows that the former difficulty had ended when the defendant left and went to a store, where he remained four or five minutes.—*State v. Stallings*, 142 Ala. 112, 38 South. 261.

[Wells v. The State.]

The fact that the defendant, immediately after shoot-ing the deceased, fired at Hawkins also was a part of the res gestæ, and the trial court committed no error in this respect.—*Pate v. State,* 150 Ala. 10, 43 South. 343.

The Constitution requires an indictment in cases of this character before the accused can be put upon trial, and the common-law as well as the statutory form of indictment for murder requires that the name of the party slain must be set out, and the state is required to prove the name so set out; otherwise there is a variance fatal to a conviction. The statute authorizes an amend-ment of the indictment, with the consent of the defend-ant, to meet the variance, and if the defendant does not consent he can be held over to await a new indictment, and the former one will be no bar to the prosecution. Either the correct names of the defendant or the one by which he is generally known can be ascertained, and care and caution on the part of the scrivener will often save trouble, delay, and expense, and often avoid rever-sals by the appellate courts, upon points which may seem technical to the laymen, but which go to the es-sence of the crime, and as to which accuracy is con-templated by the law of the land. The indictment in this case charged that the defendant killed "B. Sagers," alias "B. Segers." The undisputed evidence shows that his real name was "B. Sagar," and, while some evidence shows that he was called "Segers," the weight of it shows that he was called "Sagar," and that his alias was "Shorty." At any rate, the defendant was entitled to a charge that the name of the deceased had to be prov-en as alleged though it may be that the action of the trial court in refusing charges 23 and 24 can be justi-fied because they did not correctly state the alias as stated in the indictment. It is difficult to say that

"Sagar and Sagars" or "Seger and Segars" is idem sonans, and, unless the state can show that the name of the deceased was "Sagars" or "Segars," proof of "Sagar" or "Segar" will not suffice under the idem sonans idea.—*Noble v. State,* 139 Ala. 90, 36 South. 19; *Jacobs v. State,* 61 Ala. 448; *Humphrey v. Whitten,* 17 Ala. 30.

The other charges refused the defendant were bad or covered by the given charges.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

McClellan, Sayre, and de Graffenried, JJ., concur.