# Weyms *v.* The State.

## *Violating Prohibition Law.*

(Decided June 30, 1915.   69 South. 310.)

1. *Name; Idem Sonans.*—Where proper names as commonly and ordinarily pronounced sound alike, a difference in their spelling is immaterial, and much latitude is allowed in pronunciation; the variance here being immaterial.

2. *Appeal and Error; Review; Matters Shown.*—Where the appeal is on the record proper without a bill of exceptions, rulings on motion to quash the indictment, and the refusal of charges cannot be reviewed, these matters not being properly incorporated in the record proper.

3. *Name; Misnomer; Idem Sonans.*—The name "Chester "Weyms, alias, Chester Weims," as alleged in the indictment, and the name, "Chesley Wyms," are not idem sonans, but the misnomer in christian names is substantial, and a plea in abatement setting up the misnomer must be sustained.

4. *Same.*—The substantial misnomer of either the christian name or the surname of a defendant is good matter for a plea in abatement to the indictment.

APPPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Chester Weyms, alias Chester Wiems, was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

BALDWIN & MURPHY, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The indictment preferred against the defendant on which he was tried and convicted alleged his name to be "Chester Weyms, alias Chester Weims," and the defendant interposed a plea of misnomer averring his true name to be, not as alleged in the indictment, but "Chesley Wyms," and verified his plea by an affidavit signed "Chesley Wyms." To this plea of misnomer the state's counsel filed a demurrer on the ground that the names of "Chester Weyms, alias Chester Weims," and "Chesley Wyms," are idem sonans.

(1) We think the court's ruling in sustaining this demurrer free from error under the recognized rule in this state that, when two proper names, as commonly and ordinarily pronounced, sound alike, a difference in their

spelling is immaterial, and much latitude in pronuncia-
tion is permissible. The variance in the names here is
immaterial.—*Burton v. State,* 10 App. App. 214, 65
South. 91.

(2) The transcript contains a motion to quash the in-
dictment and the ruling of the court on the motion, and
also certain refused charges are set out; but, as the ap-
peal is on the record proper without a bill of excep-
tions, these matters are not properly incorporated in
the record, and not before us for review.—*Ex parte Wat-
ters et al.,* 180 Ala. 523, 61 South. 904; *Peters v. Nolen,*
10 Ala. App. 599, 65 South. 699; *Payne v. State,* 10 Ala.
App. 85, 65 South. 262.

There is no error in the record, and the judgment ap-
pealed from must be affirmed.

Affirmed.


### ON REHEARING.


No brief was filed on behalf of appellant on the orig-
inal submission informing us of what was relied upon
as constituting error as shown by the record, and it
must be confessed that in passing on the question of
idem sonans we considered more the similarity of the sur-
name than the Christian name, as shown by indictment
and set up in the defendant's plea in abatement.

(3, 4) Upon a reconsideration of the question of mis-
nomer with particular regard to the difference in Chris-
tian names, as invited by defendant on application for
rehearing, we are of the opinion that the plea in abate-
ment averring a misnomer in the name under which the
defendant was indicted was well pleaded, and that the
court erred in sustaining the demurrers interposed to
it by the state. The Christian name of the defendant is

[Weyms v. The State.]

alleged in the indictment to be "Chester," and the plea in abatement avers his true Christian name to be "Chesley," and not Chester, and states in the usual form of such pleas that the defendant has never been known or called by such name. A substantial misnomer of either the Christian name or the surname of a defendant charged with the commission of a crime is good matter for a plea, and well pleaded, in abatement to the indictment.—*Yynes v. State,* 5 Port. 236, 30 Am. Dec. 557; *Washington v. State,* 68 Ala. 85. There is a perceptible difference in the sound and spelling of the names "Chester" and "Chesley," and we do. not think these names can be said to be idem sonans. The following cases, among others, will be found by analogy of the names respectively considered and held not to be idem sonans to support our holding to the same effect as to the names here under consideration: *Wells v. State,* 187 Ala. 1, 65 South. 950; *Noble v. State,* 139 Ala. 90, 92, 36 South. 19; *Jacobs v. State,* 61 Ala. 448; *Humphrey v. Whitten,* 17 Ala. 30; *Adams v. State,* 67 Ala. 89; *Munkers v. State,* 87 Ala. 94, 6 South. 357; *Leath v. State,* 132 Ala. 26, 31 South. 108; *Tarpley v. State,* 79 Ala. 271.

Our opinion is that the demurrer to the plea should have been overruled. The former judgment of affirmance is set aside, and the judgment of conviction is reversed, and the cause remanded for another trial because of the error pointed out.

Reversed and remanded.