(121 So. 690)

**McNUTT v. THOMAS.** (8 Div. 735.)

Court of Appeals of Alabama. April 9, 1929.

R. L. Almon, of Moulton, for appellant.

G. O. Chenault, of Decatur, and E. B. Downing, of Moulton, for appellee.

RICE, J. Suit in detinue for the recovery of the possession of certain personal property was brought by appellee against appellant.

The suit was begun by summons and complaint, and, upon the making of an affidavit by one J. B. Norris that the property sued for was the personal property of appellee, in accordance with the terms of Code 1923, § 7389, and the filing of a bond, etc., an indorsement was made on the summons by the clerk requiring the sheriff to take the property in question into his possession, etc., all as provided for in said Code, § 7389.

Appellant's motion to quash the writ (indorsed on the summons) or seizure in detinue, issued, as aforesaid, by the clerk, on the ground that the affidavit mentioned does not affirmatively appear to have been made by "plaintiff (appellee), his agent, or attorney"

was overruled, and this action of the trial court is the first, and perhaps most strenuously argued, ruling urged by him as constituting reversible error.

It is true that the statute (Code 1923, § 7389, supra) requires, as a prerequisite to the indorsement on the summons by the clerk of the "writ of seizure in detinue" etc., an affidavit to be made by "plaintiff, his agent, or attorney" that the property sued for belongs to the plaintiff. But it is also true, as said by our Supreme Court, in the opinion in the case of Jacobs v. State, 61 Ala. 448 (a case, by the way, cited and relied upon by appellant, in this connection) that: "2. The affidavit, the plaintiff in an action of detinue is required to make, serves its purpose, when the order of seizure is made. It is purely cautionary—a pledge of good faith in the commencement of the suit, required to prevent an abuse of the extraordinary power to disturb and displace the possession of the defendant, before he has had the opportunity of being heard in defense of it, and before judgment pronouncing it wrongful. When the order is made, the force of the affidavit is exhausted, and it is not evidence in any subsequent stage of the suit."

In the light of this quotation from the opinion in the Jacobs Case, it would seem unnecessary that the affidavit, within itself, disclose that it was made by either the "plaintiff, his agent, or attorney," but that, if the clerk who issues the writ is satisfied that the party making it is such, the writ is properly issued. We therefore hold that the trial court did not err in overruling appellant's motion to "quash the writ, etc."

█ Appellee's suit was based upon a mortgage, covering the property sued for, and claimed by him to have been executed by appellant to one Harris, properly transferred, for value, to appellee, and past due and unpaid. Proof being duly made that said mortgage, at the time of trial, was lost, it was competent to introduce the copy of the record of same, kept in the probate office of the proper county. No objection was made by appellant to the introduction of the copy of the record of said mortgage, on the ground that said record had not been, or was not, sufficiently identified as that provided by law to be kept of same. Consequently we must assume that the record offered in evidence was the true and lawful record of said mortgage in the county where it purported to be recorded. The record of said mortgage is shown by the bill of exceptions to have been introduced in evidence. But said bill of exceptions, as contained in the record before us, does not contain a copy of said record of said mortgage. We are therefore unable to say whether or not it shows a written transfer from Harris, the original mortgagee, to ap-

pellee; and likewise unable to review the rulings of the trial court upon the introduction of testimony tending to show the transfer, or ownership, of the mortgage in question.

The case was tried before the court, sitting without a jury, and what we have said above seems to answer the points argued by appellant as constituting prejudicial error.

The judgment appealed from is affirmed.

Affirmed.