(132 So. 41)

## NETTLES v. STATE.

### 6 Div. 707.

Supreme Court of Alabama.
Jan. 15, 1931.

S. R. Hartley, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

THOMAS, J.

The record proper has been examined, and there is no question raised that should be discussed, other than the striking, on the state's motion, of defendant's plea of misnomer.

The plea is as follows:

"Now comes the defendant by his attorney, S. R. Hartley, and for plea of misnomer says: His true name is Frank Nickles, and not Frank Nettles, as alleged in the indictment, and that he has never been known or called by the name of Frank Nettles, which he is ready to verify, and prays judgment that the indictment be quashed."

The question of idem sonans has been the subject of frequent discussion by this court. The rule is, that the law does not regard the spelling of names, and, if they sound alike, they are regarded as the same, and just latitude is allowed in spelling and pronunciation. 21 Alabama & Southern Digest, Names ☞16 et seq.; 29 Cyc. 272, VII; 45 C. J. 383, IX, note. And in this jurisdiction, if the attentive ear finds difficulty in distinguishing two names which are pronounced alike, they are within the rule. A demurrer is the proper mode of testing the sufficiency of the plea, if so defective as to be clearly demurrable, and, if it is stricken on motion, this is not ground for reversal. Rooks v. State, 83 Ala. 79, 3 So. 720; Sayres v. State, 30 Ala. 15; Reichert v. Jerome H. Sheip, Inc., 204 Ala. 86, 85 So. 267; Munkers v. State, 87 Ala. 94, 6 So. 357; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; 1 Greenl. on Ev. (16th Ed.) § 43a.

In Noble v. State, 139 Ala. 90, 36 So. 19, the names N-o-b-l-e and N-o-b-l-e-s were held not the same. In Munkers v. State, 87 Ala. 94, 6 So. 357, the names of M-o-n-c-u-s and M-u-n-k-e-r-s, though ordinarily sounded alike, were held different names; and M-i-n-c-h-e-r and M-i-n-s-h-e-n were held not idem sonans in Adams v. State, 67 Ala. 89; H-a-d-n-e-t-t and H-o-d-n-e-t-t not the same, Nutt v. State, 63 Ala. 180; and S-a-e-y-v-s and S-a-e-y-r-s were not idem sonans, Sayres v. State, 30 Ala. 15. See, also, Weyms v. State, 13 Ala. App. 297, 69 So. 310; Clements v. State, 19 Ala. App. 640, 99 So. 832; Dinkins v. State, 21 Ala. App. 206, 106 So. 621; Hewlett v. State, 135 Ala. 59, 33 So. 662; McMillan v. Aiken, supra; Norton v. Orendorff, 191 Ala. 508, 67 So. 683.

The trial court committed no reversible error in striking the plea on motion of the state, since the plea was not properly verified and was filed after the plea of not guilty. The action of the court in granting the motion to strike the plea will be sustained, if for any reason the ruling was justified under the law. Sections 5197, 9471, Code. The plea came after the plea of not guilty, which was too late. Grimes v. State, 105 Ala. 86, 17 So. 184; Wells v. State, 88 Ala. 239, 7 So. 272; Gerrish v. State, 53 Ala. 476; Hubbard v. State, 72 Ala. 164. See, also, Davis v. State, 136 Ala. 129, 33 So. 818; Grace v. State, 22 Ala. App. 360, 115 So. 761; Whitehead v. State, 206 Ala. 288, 90 So. 351, and authorities there cited.

Affirmed.

ANDERSON, C. J. and SAYRE and BROWN, JJ., concur.