180 So. 731

## SEXTON v. STATE.

### 4 Div. 2.

Supreme Court of Alabama.
April 21, 1938.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

W. H. Stoddard, of Luverne, for respondent.

names, and in all legal proceedings, civil and criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial." In that case, the proof disclosed, undisputedly, the two names Goins and Gowens were pronounced alike, and, therefore, no question of law as to idem sonans was presented.

■■ "Where the orthography of two names is different, and they do not sound the same, when fairly pronounced, the doctrine is clearly inapplicable. * * * Although the question of idem sonans is essentially a question of fact, if it arises on demurrer, and the names are necessarily pronounced substantially alike, the court will take judical notice of the fact, and hold as a matter of law that the two names are the same." 45 Corpus Juris 387 and 389.

That part of the opinion of the court in Munkers v. State, supra, quoted by the Court of Appeals, states no different rule, and also discloses a regard to the holding in our other cases by way of analogy.

Perhaps it may as well be confessed that, in our opinion, the rule as to idem sonans was stressed to an extreme in some of our decided cases, among them that of Munkers v. State, supra.

We think it clear, however, that the Court of Appeals is well sustained by our authorities, notably those herein cited. But, feeling as we do that some of them doubtless gave too narrow an interpretation to sound and orthography, yet we do not feel justified in now overruling them, and rest content with these observations for future consideration.

As stated in 45 Corpus Juris, supra, the question of idem sonans is essentially one of fact, and it takes a very fair case to give it application as a matter of law.

■ We are not persuaded the opinion of the Court of Appeals in the instant case should be here overturned, and the writ will accordingly be here denied.

Writ denied.

All the Justices concur.

GARDNER, Justice.

The Court of Appeals in holding the name Levon and Lavaughn are not, as a matter of law, idem sonans, was endeavoring to follow the rule of our cases by which that court is bound, and the analogies furnished by our own authorities. Particular stress is laid upon Munkers v. State, 87 Ala. 94, 6 So. 357. But many others are noted as having been previously reviewed by that court in Campbell v. State, 18 Ala.App. 219, 90 So. 43, among them, Jacobs v. State, 61 Ala. 448; Wells v. State, 187 Ala. 1, 65 So. 950 (Sagar and Sagars, Segar and Segars); Merlette v. State, 100 Ala. 42, 14 So. 562 (Mulette and Merlette); Adams v. State, 67 Ala. 89 (Mincher and Minchen); Noble v. State, 139 Ala. 90, 36 So. 19 (Noble and Nobles); Nutt v. State, 63 Ala. 180 (Luke Hadnett and Hodnett); Humphrey v. Whitten, 17 Ala. 30 (Humphreys and Humphrey); Tarpley v. State, 79 Ala. 271 (Tarpley and Tapley). Many of these cases were cited in the comparatively recent case of Nettles v. State, 222 Ala. 236, 132 So. 41.

In Patterson v. First National Bank, 229 Ala. 406, 157 So. 446, 448, we observed that: "The general rule is that the law does not regard the spelling of names so much as their sound. Great latitude is allowed in the spelling and pronunciation of proper