[Hudmon Brothers v. DuBose.]

## Hudmon Brothers *v.* DuBose.

*Trover by Mortgagee against Warehousemen.*

1. *Liability of warehouseman for conversion.*—A warehouseman, receiving mortgaged cotton for storage, and afterwards delivering it to the holder of the warehouse receipt, without actual notice of the mortgagee's title, is not entitled to protection, as a bailee who restores the possession to the bailor before notice, but is liable in trover as for a conversion.

2. *Registration as constructive notice of mortgage.*—The due registration of a mortgage on a growing crop, in the county in which the lands lie, is constructive notice of its existence to a purchaser in an adjoining county.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by E. P. DuBose against the appellants, to recover damages for their alleged conversion of two bales of cotton; and was commenced on the 15th April, 1881. The defendants pleaded not guilty, and a special plea averring that they received the cotton as warehousemen, for storage only, and delivered it up on production of their receipt, without notice of plaintiff's right or claim; and issue was joined on both of these pleas. The cotton was raised in Macon county, during the year 1880, on lands cultivated by F. D. May and B. A. Roberts; and it was carried by one of them, in company with W. R. Chapman, on the 6th November, 1880, to Opelika, in Lee county, and there stored in the warehouse of the defendants, who gave a warehouse receipt for it; and they delivered it, a few days afterwards, to some third person, whose name does not appear, on his production of the receipt. The plaintiff claimed the cotton under two mortgages executed to him by said May and Roberts, which were read in evidence without objection. These mortgages were given for advances to make a crop, on certain lands in Macon county; each being dated June 1st, 1880, and conveying, with other personal property, the entire crop of cotton to be raised on said lands during that year. Each of said mortgages was duly recorded in Macon county, in July, 1880, and the law-day of each was October 1st, 1880. The plaintiff, learning that the cotton had been carried to Opelika, went to that city on the 16th November, and made in-

quiry at the different warehouses; and he was informed by the defendants, after examining their books, that the cotton had been stored with them for a few days, and that they had delivered it to a person who produced their receipt to Chapman; but they declined to state the name of that person. The defendants, it is stated, had no previous acquaintance with plaintiff, never saw him before, and had no actual notice of his right to claim the cotton; and it is further stated, also, that "there was no evidence showing the indorsement in writing of said cotton receipt." 

On these facts, "there being no conflict in the evidence, the court charged the jury, among other things, that the recording of said mortgages in Macon county was such notice as would make the defendants liable, if the jury should believe from the evidence that the cotton was raised, on the lands described, during the year 1880; although they might also believe that the defendants only received the cotton as warehousemen on storage only, and never claimed any other control over it than as warehousemen, and never knew, as fact, during the time they held it, that plaintiff had or made any claim to it." The defendants excepted to this charge, and they here assign it as error, together with the refusal of several charges asked by them.

A. & R. B. BARNES, for appellant, cited *Hoffman v. Carow*, 22 Wend. 318; *Robinson & Ledyard v. Marks*, 82 Ala. 69; *Nelson v. Iverson*, 17 Ala. 216; 40 Barb. 406.

W. J. SAMFORD. *contra*, cited Story on Bailments, § 39a; Add. Torts. vol. 1, 402, 397; *Perminter v. Kelly*, 18 Ala. 716; *Lee v. Matthews*. 10 Ala. 687; *Dodge v. Meyer*, 61 Cal. 405; *Cram v. Thissell*. 35 Maine, 88; *Heflin & Phillips v. Slay*, 78 Ala. 184.

SOMERVILLE, J.—In *Lee v. Matthews*, 10 Ala. 682; s. c., 44 Amer. Dec. 498, decided as far back as 1846, the rule was settled by this court, in accordance with the English authorities, that an agent, who intermeddles with the goods of another, is guilty of a conversion, if the same act of intermeddling by his principal would, under like circumstances, have rendered the latter liable in *trover*. It was said by ORMOND, J., that "every act of intermeddling with the goods of another is a conversion; and it is no answer to the true owner, that the person so receiving the goods was

[Hudmon Brothers v. DuBose.]

ignorant of his title, or that he received them for the use or benefit of another." The same rule is reiterated in *Perminter v. Kelly*, 18 Ala. 716, decided in 1851, and is fully sustained by the weight of authority.—*Marks v. Robinson*, 82 Ala. 69, 83.

The only exception to this rule, which our decisions have established, is stated in *Nelson v. Iverson*, 17 Ala. 216, the authority of which is recognized in *Marks v. Robinson, supra* (1886). This exception is, that the mere receiving of goods by one who *restores* them to his bailor, before notice that such bailor's possession was wrongful, is not a conversion.

Under the above principles, the appellants were clearly guilty of a conversion, in receiving the appellee's cotton and shipping it on his order, unless they come within the exception announced in *Nelson v. Iverson, supra*. It is insisted in argument, that such shipment is legally tantamount to restoring the cotton to the possession of the bailor. The rule, in our judgment, can not be construed to go this far. The exception in question only embraces the act of restoring the thing bailed to the mere possession of the bailor—a substantial restoration of the orignal *status in quo* of the property. It does not include a restoration of the bailor's dominion by an act, the essential nature of which is in defiance of the true owner's title, or the probable consequence of which will be to put the property beyond his reach. And such is the act of conversion here imputed to the appellants. The rulings of the Circuit Court touching this point are, in our opinion, free from error.

The registration of the appellee's mortgage on the cotton in controversy was constructive notice to the appellants of the existence of the mortgage, and as binding on them as actual notice would have been.—*Mayer v. Taylor*, 69 Ala. 403; s. c., 44 Amer. Rep. 522; *Heflin v. Slay*, 78 Ala. 180; *Marks v. Robinson*, 82 Ala. 69.

The judgment is affirmed.