# Clay, *et al., v.* Sullivan.

## *Trover.*

(Decided April 9, 1908. Rehearing denied Jully 3, 1908.
47 South. 153.)

1. *Trover; Pledge.*—A pledgee, though acting in good faith in receiving a pledge of property from a person in possession, but without title, or authority, or indicia of authority, from the true owner to make the pledge, acquires no title as against the true owner, and if the pledgee converts the property, the true owner may maintain trover for its conversion.

2. *Appeal and Error; Harmless Error; Matter Available Under The General Issue.*—Where a matter set up by way of special plea is available to the pleader under the general issue, and the general issue is pleaded, it is error without injury, if error at all, to sustain demurrers to the special plea.

3. *Witnesses; Cross Examination.*—If the agent pawns the property of the principal, for his own debt or benefit, it would not be binding upon the principal where the only authority given by the principal was the pawning for debt or benefit of the principal, and hence, a question seeking to show a consent by the principal, which did not confine the consent for the benefit of the principal, was properly disallowed.

4. *Same; Discretion.*—It is within the trial court's discretion to allow or refuse questions on cross examination which consists largely of repetitions of previous questions, or which are argumentative and combative.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Trover by Francis Sullivan against Mac Clay and another for the conversion of a diamond ring. From judgment for plaintiff, defendant appeals. Affirmed.

The complaint was in code form, and against Mac Clay and the Citizens' Bank. The pleas were the general issue and several special pleas, setting up that the defendant was a licensed pawnbroker of the county of Jefferson, and that his connection with the ring in question was no other than that of a pawnbroker; that Charlie Sullivan, husband of plaintiff, came to his shop wearing the ring as his own, and procured $100 on it, for which he received a pawnbroker's ticket entitling him to redeem it at any time upon payment of $100 and charges thereon; that Charlie Sullivan did not redeem the ring, but delivered his pawn ticket to one Herbert Melton, and instructed defendant to deliver the ring to Herbert Melton on the surrender of the pawn ticket and the payment of $100 and charges; and that Melton redeemed the ring and took it. Demurrers were interposed and sustained to the special pleas. The evidence for the plaintiff tended to show and did show that the ring pawned was the ring of Mrs. Frances Sullivan, and that it was pawned without authority from her. The evidence further tended to show that the pawn ticket was given to Charlie Sullivan, and by him delivered to one Melton with instructions to permit Melton to redeem it upon payment of the amount borrowed, together with the lawful charges. That Melton paid the $100 and charges, whereupon an agent of Clay delivered the ring to Melton. The evidence for the defendant tended to support the special plea and the evidence of the agent of Clay tended to show that Melton was redeeming the ring as the agent of Charlie Sullivan under instructions from Sullivan to allow Melton to redeem it as his agent.

ESTES, JONES & WELCH, for appellant. The affirmative charge should have been given for the appellant.— 28 A. & E. Ency of Law, 693; *Nelson v. Iverson,* 17 Ala. 216; *Morris v. Hall,* 41 Ala. 510; *Wells v. Adams Express Co.,* 42 Am. Rep. 695; 5 Cyc. 211. Under the facts disclosed by this record, there was no conversion.— *Davis v. Hertz,* 114 Ala. 146; *Bolling v. Kirby,* 90 Ala. 215; *King v. Franklin,* 132 Ala. 566. In order to render the taking and holding tortious in this case, there must have been a demand for possession while appellant held possession of the property, and there must have been a refusal before suit can be maintained.—27 Ala. 407; 33 Ala. 515; 63 Ala. 547; 76 Ala. 357; 43 N. H. 390; 39 Me. 406, and authorities supra.

PICKNEY SCOTT, for appellee. The court properly sustained demurrers to the special plea.—*Bennett & Co. v. Brooks,* 146 Ala. 494. Under the facts as disclosed by the record, there can be no doubt of the plaintiff's right to recover.—22 A. & E. Ency of Law, p. 848; *Voss v. Robinson,* 46 Ala. 483; *Bott v. McCoy,* 20 Ala. 583; *Lobman Bros. v. Flash,* 65 Ala. 537; *Morningstar v. Stern & Co.,* 124 Ala. 512. The true owner is entitled to the property although the pledgee in good faith acquired the title from the person in possession.—*Bennett v. Brooks, supra.* It is immaterial whether defendant had the property in his possession at the time demand was made on him or not.—*Bolling v. Kirby,* 90 Ala. 215; *Jesse French Co. v. Johnson,* 142 Ala. 41; *King v. Franklin,* 132 Ala. 566; *A. & T. R. R. Co. v. Kidd,* 35 Ala. 220.

ANDERSON, J.—"One who, though acting in good faith, purchases a chattel from a person in possession, but without title or authority, or indicia of authority,

from the true owner to sell, acquires as against the true owner no title, and the latter may maintain trover for the conversion."—*Bennett & Co. v. Brooks,* 146 Ala. 494, 41 South. 149, and cases there cited. And this rule would apply as to one who got the property under a pledge and subsequently converted it. If the special pleas, or any of them, were good, the matter set up was available under the general issue, and the trial court committed no reversible error in sustaining the demurrer thereto.

It is insisted by the appellant that the proof in this case fails to show a conversion on his part; that the ring was turned over to Melton, upon the authority of the pledgor, before defendant heard of plaintiff's claim. This case falls within the influence of the case of *Hudmon v. Du Bose,* 85 Ala. 446, 5 South. 162, 2 L. R. A. 475, and the rule laid down in the case of *Marks v. Robinson,* 82 Ala. 69, 2 South. 292, is also applicable. It has long been settled that an agent, who intermeddles with the goods of another, is guilty of conversion, if the same act of intermeddling by his principal would, under like circumstances, have rendered the latter liable in trover. If it was the wife's ring, and she gave the husband no authority to dispose of it, and he turned it over to Melton, he would be liable for a conversion. Therefore the mere fact that the defendant turned the ring over to Melton with the consent of Sullivan did not bring the case within the exception to the rule as laid down in the case of *Nelson v. Iverson,* 17 Ala. 216, which said exception applies only to an actual restoration to the bailor—a restoration of the original status in quo of the property.—*Hudmon v. Du Bose, supra.* It is clear, from the evidence and the law, that the plaintiff was the owner of the ring, and that the defendant Clay so intermeddled with the same as to

render him liable in trover for a conversion, unless the husband had authority from the wife to pledge it, not to secure his debt, but, as her agent, to hypothecate it for her benefit. And this would be so, regardless of the rate of interest he charged, or whether or not he complied with the pawnbroker statute in disposing of the property. If the wife gave the husband no authority to pledge the ring, Clay could not be protected in converting the same, regardless of what he advanced on same and of the rate of interest he charged.

The plaintiff had the right to prove the value of the ring at any time between the trial and the conversion.

There is no merit in the point of counsel for the appellant that he was entitled to the general charge because of a variance—that the ring was handled by the "Union Pawn Shop" and the suit was against the "Citizens' Bank and Mac Clay;" that, although the pawn shop was owned solely and entirely by Clay, he was engaged in another business; and that the suit should have been against "Mac Clay, doing business as the Union Pawn Shop." The proof does not show that the pawn shop was a corporation, but that it was owned solely and entirely by Clay; and he was therefore liable for the torts of his agents in charge of same and acting within the scope of their employment.

The defendant had the right to show that the plaintiff gave her husband authority to pawn the ring for her, as her agent and for her benefit; but, even if he pawned the ring with her authority, for his own debt or benefit, it would not be binding on her. The question to the plaintiff, on cross-examination, as to her consenting for her husband to pledge the ring, did not confine the consent for it to be done for her and for her benefit; and the trial court will not be put in error for sustaining the objection thereto.

There are several objections and exceptions to the rulings of the trial court upon the refusal to allow questions to the plaintiff upon cross-examination as to the value of the ring. These questions mainly consisted of repetitions of previous answers, or where argumentative and combative; and the trial court has considerable discretion in permitting or denying cross-examination, when conducted in the manner as disclosed by this record, and we are not prepared to say that the discretion was abused in this instance.

Since the plaintiff was entitled to the general charge, had the same been requested, the oral charge as excepted to, or the refusal or giving of special charges, was innocuous to the defendant Clay.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.