# Norton, *et al. v.* Orendorff.

### *Destroying Landlord's Lien.*

(Decided November 7, 1914.    Rehearing denied December 17, 1914.
. 67 South. 683.)

1. *Pleading; Amendment; Sufficiency.*—An amendment to a complaint alleging new facts "and by striking out those parts" was confusing and not good pleading.

2. *Landlord and Tenant; Destroying Lien; Liability.*—In an action for the destruction of a landlord's lien upon cotton produced by a tenant, acts of a defendant with reference to it, done without knowledge of the lien, or of facts, which, upon reasonable inquiry, would have led to that knowledge, and innocently, as a friend of the tenant, in carrying the cotton to the compress, receiving tickets and samples of same, and offering it for sale, the proceeds going to the tenants, did not render defendant liable, as there was no wrongful act.

3. *Principal and Agent; Liability of Agent; Intermeddling.*—An agent intermeddling with the property or possession of another is liable to such other in an action for damages, although ignorant of such other's title or possession.

4. *Landlord and Tenant; Lien; Note.*—A landlord's lien confers no right of property in or possession of a crop, but simply a right to charge it in priority to all other rights in payment of the rent, except those of a purchaser without notice; hence, if removed or destroyed he can maintain no action against the wrong doer founded on the right of property or possession.

[Norton, et al. v. Orendorff.]

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Eliza A. Orendorff against Lawrence W. Norton and another, for damages for destroying a lien. Judgment for plaintiff and defendant Norton appeals. Reversed and remanded.

Transferred from Court of Appeals under the act establishing such court.

WERT & LYNNE, for appellant.

E. W. GODBEY, for appellee.

DE GRAFFENRIED, J.—The following is the declaration upon which this case was tried, and upon which a judgment was rendered against one Prince and the appellant Norton:

"Count 2. Plaintiff claims of defendants a like sum of $125, for that heretofore, to wit, on the 14th day of November, 1911, the plaintiff had a lien upon two certain bales of cotton, which, or plaintiff's landlord's lien on which, the defendants on or about said date did wrongfully dispose of and make way with. And plaintiff avers that for the year 1911 the said R. L. Prince was a tenant of plaintiff's upon and with respect to a certain plantation known as the Orendorff place, located near Hillsboro, and in Lawrence county, Ala.; that the rent of the said plantation, which the said R. L. Prince was to pay to the plaintiff for the year 1911, amounted to a large sum of money, to wit, the sum of $625. And plaintiff avers that said rent to the extent of more than $100 the said defendant Prince failed to pay or satisfy. And plaintiff further avers that said Prince, in the year 1911, raised a large amount of cotton on said plantation, on which the plaintiff had a

lien as landlord under the laws of the state of Alabama. Said cotton was sold and made way with by defendants, whereby plaintiff's rent was wholly lost to her, and her lien defeated and destroyed; hence this suit."

"Plaintiff amends second count of complaint by averring that defendants took charge of and disposed of the cotton in Decatur, Ala., whereby plaintiff lost her lien thereon, to wit, two bales of cotton raised on said plantation and brought to Decatur, Ala., by said R. L. Prince and one Patterson, and taken to the compress by said Patterson and defendant Norton, and by striking out those parts."

1. Courts of last resort, in passing upon questions presented by demurrer, must, out of necessity, resolve themselves into critics, and must occasionally point out the inadvertent lapse of some counsel into such obscurity of expression in some pleading as to destroy its potency. In one of our own cases the learned justice—and he was a most excellent judge—who wrote the opinion for the court, said: "When there is no generally received English pronunciation of the names as one and the same, and the difference in sound is not so slight as to be scarcely perceptible, the doctrine of idem sonans cannot be applied without the aid of extrinsic evidence, unless when sound and power are given to the letters, as required by the principles of pronunciation, the names have the same pronunciation or sound."—*Munkers v. State,* 87 Ala. 94, 6 South. 357.

The quoted language from the above case, no doubt, gives a correct definition of idem sonans, but, to use the language of Mayfield's Digest (see 1 Mayfield, p. 417, subd. 9, and note), the "statements seem confused."

(1) That the above declaration upon which this case was tried is, growing out of the amendment, subject to the criticism that its statements are "confusing,"

there can be no doubt. What the plaintiff meant to
strike out of the second count of the complaint above
quoted we do not know. All that we know is that she
struck out "those parts." This case must be, for rea-
sons set out below, again tried, and, as this is true, we
deem it necessary to only call attention to the condi-
tion of the complaint as it now exists. It can, of course,
be so amended upon the next trial as to meet the re-
quirements of good pleading.

(2) 2. There was evidence in this case tending to
show that the defendant Norton had no knowledge of
the existence of the plaintiff's lien upon the cotton at
the time of the alleged destruction of the lien. There
was evidence tending to show that Prince, the tenant,
was sick on the day of the alleged destruction of the
lien, and that all that Norton did with reference to
the cotton was done without the knowledge of the land-
lord's lien, and that it was innocently done as a friend
of Prince and out of respect to the fact that Prince
was sick. Of course, if Prince used Norton as an inno-
cent instrument in disposing of the cotton, then Norton,
the victim of misplaced confidence, is not liable to the
plaintiff. If Prince was sick, and Norton, as his friend,
without knowledge of the existence of the plaintiff's
lien or of facts which upon reasonable inquiry would
have placed him in possession of that knowledge, inno-
cently carried the cotton to the compress, received tick-
ets for and samples of the cotton, and innocently of-
fered that cotton for sale or innocently sold it, and
Prince received the proceeds, then certainly Norton is
not liable to the plaintiff. An action on the case is an
equitable action, and, under the circumstances named,
the plaintiff would not be entitled to a judgment against
Norton.—*Teat v. Chapman & Co.*, 1 Ala. App. 491-498,

56 South. 267; *Foxworth v. Brown Bros.*, 120 Ala. 59, 24 South. 1.

The case of *Leuthold v. Fairchild*, 35 Minn. 99-111, 27 N. W. 503, 28 N. W. 218, cited in 1 Jaggard on Torts, p. 287, seems to be decisive of the above proposition. The complaint alleges a wrongful disposition of the cotton, and if Norton acted without knowledge of the existence of the plaintiff's lien, or was not possessed of facts putting him on inquiry as to plaintiff's lien, then, in so far as he is concerned, the disposition of the cotton cannot be said to have been wrongful.—*Leuthold v. Fairchild, supra.*

3. The legal principles governing cases of this sort are simple and plain, and we deem it unnecessary to discuss any of the other questions presented by this record. Many of the rulings of the trial court were not in accordance with the above views, and for that reason the judgment of the court below is reversed, and the cause is remanded to that court for further proceedings.

Reversed and remanded.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.

ON APPLICATION FOR REHEARING.

DE GRAFFENRIED, J.—There is abundant authority for the proposition that a master cannot confer upon a servant authority to commit a tort upon the property or possession of another.—*Lee v. Matthews*, 10 Ala. 682, 44 Am. Dec. 498; *Hudmon Bros. v. Du Bose*, 85 Ala. 446, 5 South. 162, 2 L. R. A. 475.

(3) For the above reason it has frequently been held that an agent intermeddling with the property or possession of another is liable to such other, in an action

for damages, although ignorant of the title or possession of such other.—*Lee v. Matthews, supra,* 10 Ala. 682, 44 Am. Dec. 498.

(4) In this case Mrs. Orendorff did not own the cotton, and she had never had possession of the cotton. The party for whom Norton acted had the legal title to the cotton and was in possession of the cotton, and there was evidence tending to show that all that Norton did was without knowledge of the lien of Mrs. Orendorff.

In the case of *Hussey, Adm'r, v. Peebles,* 53 Ala. 432, this court, through Brickell, C. J., said: "No right of property, nor right of possession of the crop, is conferred on the landlord, but simply a right to charge it in priority to all other rights (except those of a purchaser without notice), with the payment of the rent. Of consequence, if it is removed or destroyed, he can maintain no action against the wrongdoer, which is founded on the right of property, or the right of possession."

We think that the situation developed by the evidence in this case differentiates it from the cases of *Lee v. Matthews, supra,* and *Hudmon Bros. v. DuBose, supra,* and brings it within the principle announced in *Merchants' & Planters' Bank v. Meyer,* 56 Ark. 499, 20 S. W. 406.

An examination of the case of *Merchants' & Planters' Bank v. Meyer, supra,* will demonstrate that the Supreme Court of Arkansas, when it delivered the opinion in that case, had in mind the decisions of this court upon the subject now in hand.

In this case there was evidence tending to show that the defendant Norton was not guilty of converting any property which belonged to Mrs. Orendorff. There was also evidence tending to show that he violated no pos-

session of Mrs. Orendorff, and that all that he did was at the request of the owner of the legal title to the property, who had possession of it, and without notice, actual or constructive, of the lien which Mrs. Orendorff, as landlord, had upon the cotton.

In our opinion, therefore, this application for a rehearing should be overruled.—*Merchants' & Planters' Bank v. Meyer, supra; Lee v. Mathews, supra; Hudmon Bros. v. DuBose, supra; Hussey, Adm'r v. Peebles, supra; Nelson v. Iverson,* 17 Ala. 216; *Thompson v. Powell,* 77 Ala. 391

Application overruled.