(82 South. 655)

FIRST NAT. BANK OF ALEXANDER CITY v. HARDEN et al. (5 Div. 289.)

(Court of Appeals of Alabama. April 22, 1919. Rehearing Denied May 6, 1919.)

1. CHATTEL MORTGAGES ⊙⟶229(3)—CONVERSION—BURDEN OF PROOF—DESCRIPTION OF PROPERTY.

A chattel mortgagee suing for the conversion of cotton has the burden of showing that cotton was covered by the mortgage.

2. CHATTEL MORTGAGES ⊙⟶159, 173(1) — RIGHTS OF MORTGAGOR.

Except as against the chattel mortgagee, a chattel mortgagor is regarded as the owner of mortgaged property, and may sue third parties for its conversion.

3. CHATTEL MORTGAGES ⊙⟶225(2) — WHAT CONSTITUTES—MORTGAGED PROPERTY.

Defendant warehousemen, who received mortgaged cotton from a mortgagor and returned it to him before notice that his possession was wrongful, were not liable to the chattel mortgagee in a conversion suit.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Action by the First National Bank of Alexander City, Ala., against G. A. Harden and E. W. Thompson. Judgment for defendants, and plaintiff appeals. Affirmed.

Certiorari denied, 203 Ala. 172, 82 South. 422.

George A. Sorrell, of Alexander City, for appellant.

G. F. Smoot, of Wetumpka, for appellees.

SAMFORD, J. This was a suit for the conversion of cotton by the mortgagee against a warehouseman, and was tried upon an agreed statement of facts by the court without the intervention of a jury.

On January 2, 1914, one Graham became indebted to the plaintiff, and to secure the indebtedness executed a mortgage on personal property, including "his entire crop of cotton grown in Elmore county during the year 1914." At this time Graham lived in Elmore county on a tract of land owned by himself, which he was farming, and during the year 1914 Graham raised a crop consisting of cotton and other farm products. The defendants, during the year 1914, were warehousemen in the town of Eclectic, and were doing a general warehouse business for the public, weighing and storing cotton for hire. They received from Graham 15 bales of cotton of various weights, which cotton was raised by Graham during the year 1914, in Elmore county. This cotton was stored in their warehouse, and receipts therefor were given to Graham. The cotton remained in the warehouse for a period of two or three weeks, and then Graham presented to the defendants their receipts, and demanded and received the cotton into his possession. Graham thereupon carried the cotton away to some other place, and made disposition of it unknown to any of the parties to this suit. The mortgage was duly recorded in Elmore county. The court rendered judgment for the defendants.

[1] In order for the plaintiff to be entitled to recover in this suit, the burden would be on it to show that the cotton claimed to have been converted was property described in the mortgage held by it. In other words, unless the facts are sufficient to show that this cotton was grown by Graham, the mortgagor, or under his direction, in Elmore county, on lands owned by him, or in which he had some interest at the time of the execution of the mortgage, the plaintiff would have no specific lien or title to the cotton sued for. Windham & Co. v. Stephenson, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; McNeil v. Henderson et al., 1 Ala. App. 405, 55 South. 269. In the instant case, while it is true that the agreed statement of facts recites that, "At the time of the giving of the mortgage the said T. M. Graham lived in Elmore county on a tract of land owned by himself, and was engaged in the business of farming on said tract of land, and during the year 1914 the said T. M. Graham did raise a crop of cotton and other farm products," and that "said cotton was raised by T. M. Graham in the year 1914, in Elmore county, Ala., and the said Harden and Thompson received said cotton from T. M. Graham," it nowhere appears that the cotton in question was raised upon the lands owned by Graham, nor does it appear that Graham was not engaged in farming other lands in Elmore county during the year 1914 which were not covered by plaintiff's mortgage. Non constat, after the giving of the mortgage in January, Graham did acquire other lands upon which he raised cotton.

[2, 3] It is insisted by the appellant that the delivery of the cotton by the defendants to Graham, the mortgagor, after constructive notice of plaintiff's mortgage, rendered the defendants liable to the plaintiff for the conversion of the cotton. In support of this proposition plaintiff's counsel have cited a line of authorities in line with the decision in the case of Hudmon v. Du Bose, 85 Ala. 446, 5 South. 162, 2 L. R. A. 475, but we think the true rule as applicable to the case at bar is more aptly stated by the present Chief Justice Anderson in the case of Clay et al. v. Sullivan, 156 Ala. at page 395, 47 South. 154, in the following words:

"It has long been settled that an agent who intermeddles with the goods of another is guilty of conversion, if the same act of intermeddling by his principal would, under like circumstances, have rendered the latter liable in trover. If it was the wife's ring, and she gave the husband no authority to dispose of it, and he turned it over to Melton, he would be liable for a conversion. Therefore the mere fact that the defendant turned the ring over to Melton with the consent of Sullivan did not bring the case within the exception to the rule as laid down in the case of Nelson v. Iverson, 17 Ala. 216, which said exception applies only to an actual restoration to the bailor—a restoration of the original status in quo of the property."

As against the whole world except the mortgagee, the mortgagor is regarded as the owner of the property mortgaged, and has therefore the right to maintain an action against a third person for its conversion. Stephens v. Head, 138 Ala. 455, 35 South. 565; Turner v. Glover, 101 Ala. 289, 13 South. 478; Marks v. Robinson, 82 Ala. 69, 2 South. 292. And if Graham, the mortgagor, had demanded of the defendants this cotton and the defendants had refused to deliver it to him, the mortgagor could have maintained an action of detinue against these defendants for the recovery of the cotton, in which action these defendants could not have set up the right of the plaintiff as a defense to the action. 2 Am. & Eng. Ency. of Law (1st Ed.) p. 62. The law will not be so unreasonably construed as to give a cause of action against a person for doing that which it is his duty to do and which might be required of him in an action. If this cotton was indeed included in the mortgage to the plaintiff, it was the duty of Graham to have gathered the cotton, preserved it, and delivered it to the possession of the plaintiff, and his possession of the cotton was not wrongful until he had done some act antagonistic to the rights of the mortgagee in it. And the mere receiving of

the cotton by the defendants during that time and restoring it to Graham, the mortgagor, before notice that his possession was wrongful, is not a conversion. Marks v. Robinson et al., 82 Ala. 69, 2 South. 292; Nelson v. Iverson, 17 Ala. 216. The foregoing is not in any measure in conflict with the doctrine as laid down in the case of Hudmon v. Du Bose, supra, and the line of cases in this state following the principle there announced, but in those cases the rule, as hereinabove stated, is recognized as being the true rule for the preservation of the rights of persons dealing with mortgaged property.

We find no error in the judgment of the court or in the record, and the judgment is affirmed.

Affirmed.