(82 South. 422)

In re FIRST NAT. BANK OF ALEXANDER CITY.

FIRST NAT. BANK OF ALEXANDER CITY v. HARDEN & THOMPSON.

(5 Div. 727.)

(Supreme Court of Alabama.   June 26, 1919.)

Certiorari to Court of Appeals.

Suit between the First National Bank of Alexander City and Harden & Thompson. There was an adverse judgment as to the bank on appeal to the Court of Appeals (82 South. 655), and the bank petitions for certiorari. Writ denied.

George A. Sorrell, of Alexander City, for appellant.

Smoot & Mullins, of Wetumpka, for appellee.

PER CURIAM. The opinion of the Court of Appeals in the case of First National Bank of Alexander City v. Hardin & Thompson, 82 South. 655, being sound on both the propositions therein stated, the petition for the writ of certiorari is therefore denied. Writ denied.

MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., concurs in the conclusion prevailing with the Court of Appeals on the first proposition.

McCLELLAN, J. (dissenting). In my opinion the Court of Appeals erred in interpreting the agreed statement of facts, on which the case was tried in the circuit court of Elmore county, as omitting to show that the cotton in question was raised on land owned by Graham when he executed the mortgage, on January 2, 1914, to the petitioner, the bank. The agreed statement of facts discloses that—

"At the time of the giving of said mortgage, the said T. M. Graham lived in Elmore county on a tract of land owned by himself and was engaged in the business of farming on said tract of land; and during the year 1914 the said T. M. Graham did raise a crop consisting of cot-

ton and other farm products. * * * That said cotton [meaning the cotton alleged to have been converted by the defendants] was cotton raised by T. M. Graham in the year 1914, in Elmore county, Ala., and the said Harden & Thompson received said cotton from T. M. Graham and did store the same in their warehouse and give to him a warehouse receipt for the same. * * * "

The mortgage to the bank, executed by Graham, covered all the crops grown or caused to be grown by Graham in Elmore county during the year 1914. It stipulated that the amount secured by the mortgage should be paid by the 15th of October, 1914; and that, if the amount due on the mortgage was not paid on or before the same became due, viz., the 15th of October, 1914, then the mortgagor authorized the bank, its agent or transferee, to take possession of the property covered by the mortgage and foreclose the mortgage.

In the case of Ex parte McFerren, 184 Ala. 223, 235, 63 South. 159, 47 L. R. A. (N. S.) 543, Ann. Cas. 1915B, 672, this court exercised the right to review and revise the conclusions obtaining in the Court of Appeals upon an agreed statement of facts; thereby instituting an exception to the rule more recently stated, as upon many previous cases, in Ex parte Minderhout, 195 Ala. 420, 71 South. 91. I cannot read the language quoted from the agreed statement of facts to any other effect than that the cotton alleged to have been converted was a part of the crop raised during the year 1914, by Graham, in Elmore county, "on said tract of land," that being "a tract of land owned by himself" on January 2, 1914, and on which he was "engaged in the business of farming" during the year 1914. There is not in the agreed statement of facts the slightest intimation that Graham owned any other land or rented any other land either before or after the date of the mortgage; and to assume that he bought or rented other lands after he executed the mortgage and made this cotton or caused it to be made, on such after-acquired land, is to give rein and serious effect to the imagination. If the mortgage covered the cotton as, in my opinion, the agreed statement of fact affirmatively shows, the defendants, the warehousemen, were guilty of a conversion in restoring the cotton to Graham upon his surrender of the warehouse receipts, which restoration to Graham was after the law day of the mortgage. Hudmon v. Du Bose, 85 Ala. 448, 5 South. 162, 2 L. R. A. 475; Nelson v. Iverson, 17 Ala. 216. The knowledge of the terms of the mortgage was imputable to the warehousemen when they accepted the cotton from Graham, the mortgagor; and the mortgage bore notice to the warehousemen that the mortgagor had expressly authorized the mortgagee, its agent or transferee, "to take possession of" the property of which this cotton was a part. The effect of this stipulation in the mortgage, thus brought to the knowledge of the warehousemen, was to deprive Graham of any right to demand the redelivery of the cotton to him after default in payment of the mortgage debt and characterized as a conversion the act of the warehousemen in restoring it to him.

"If the warehouseman is informed the goods are not the property of the principal, a delivery to the principal would be a conversion for which the true owner could hold the warehouseman answerable in trover." Crosswell v. Lehman, 54 Ala. 363, 366, 367 (25 Am. Rep. 684).

A reading of the facts recited in Clay v. Sullivan, 156 Ala. 392, 47 South. 153, will disclose its want of application to the case under review.

In my opinion, the writ prayed should be awarded.