95 So.2d 402

### BIRMINGHAM LOAN CO. et al.

v.

### E. L. KLINNER, d/b/a E. L. Klinner Furniture Company.

6 Div. 348.

Court of Appeals of Alabama.

May 21, 1957.

Rosenthal & Rosenthal, Ida D. Rosenthal, Marvin Cherner, Robt. S. Gordon and Geo. S. Brown, Birmingham, for appellants.

Harrison Kendrick, Birmingham, for appellee.

PRICE, Judge.

Plaintiff sued to recover damages for the conversion by defendants of a Crosley television set. The cause was first tried in the Intermediate Civil Court of Birmingham. From a judgment in plaintiff's favor defendants appealed to the circuit court. The complaint followed the Code form, Section 223, Title 7, form 26. Defendants pleaded in short by consent the general issue.

In the circuit court there was a verdict and judgment for $271.31. Defendants appeal.

Plaintiff's evidence tends to show that about 5 o'clock in the afternoon of June 12, 1952, plaintiff's salesman, T. V. Elmore, sold and delivered to one John Williams a Crosley television set. The set was new and still in its original crate. Terms of sale were $27 cash, with monthly payments of $22.50 each, until the purchase price of $269.95, including tax, warranty, carrying charges, etc., was paid in full. Plaintiff retained title to the property under a conditional sales contract, empowering plaintiff to "demand and take possession" of the property upon default in payment of either of said installments.

Mr. Elmore testified that in March of 1953, he went to defendants' place of business in search of the property, but was told the television set had been sold, but was promised another set. A week later he returned to the loan company and one of the Shapiro brothers told him he could have a television set belonging to defendants. Witness went across the street and looked at the set, but refused it because it was an older model. Mr. Elmore stated the reasonable market value of the television when sold to Williams was $249.95.

The plaintiff's evidence was to the effect that the only payment ever made by Williams on the television was $25 in January following the purchase of it.

Plaintiff introduced in evidence interrogatories to defendants and the answers thereto by David Shapiro. It was admitted in the answers that John Williams pawned the television with defendants on June 12, 1952; that Mr. Shapiro had known Williams for ten or fifteen years; that the address given by Williams was 3927 First Avenue N., Birmingham. Possession of the television at the time of the filing of suit and at the time of the propounding of the interrogatories was denied.

For the defendants, Mr. David Shapiro testified the television was received on June 12, 1952, as a pledge for $130 loaned to John Williams and that Williams redeemed the property on July 28, 1952, and defendants had not had possession of it since said date. The original pawn ticket stamped "Redeemed Jul. 28, 1952" was introduced as exhibit A to the testimony of witness. Mr. Shapiro testified the television was not in a crate when brought to them; that Mr. Elmore never talked with him about it and that in March, the date mentioned by Mr. Elmore, defendants did not have a place of business across the street from the loan company; that plaintiff never mentioned the television to defendants until suit was filed, and they did not have possession of it

at the time of suit. In reply to a question as to whether the name of the party pawning the set was given in the notice to the city as James Walker, the witness said the girl in the office prepared the report and he didn't know what she marked on it, but that he interpreted the name on the book before him to be John Williams and not John Walker.

Mr. Abraham Shapiro testified Mr. Elmore never talked with him about the television set; that the property across the street was leased from the First National Bank in September, 1953, and in March of that year there was a book store in the building.

A lease by the First National Bank to defendants of a two story building at 2018 2nd Avenue N., was introduced as an exhibit to the testimony of David Shapiro.

Mr. Elmore testified in rebuttal that when he went to look at the television across the street from the Birmingham Loan Company, he went to a building diagonally across the street; that he didn't know which of the Shapiro brothers he talked to; that he couldn't tell them apart; that in a previous trial David Shapiro testified he sold the television to John Walker; that witness went to the address given by Mr. Shapiro and found nothing but a junk pile; that this address was three blocks from where John Williams actually lived; that Mr. Shapiro first told witness he had sold the television but refused to name the purchaser; that the first time he ever heard him say John Williams had redeemed the property was at the second trial.

■ In Hudmon v. DuBose, 85 Ala. 446, 5 So. 162, 163, 2 L.R.A. 475, the court said that:

"* * * 'every act of intermeddling with the goods of another is a conversion; and it is no answer to the true owner that the person so receiving the goods was ignorant of his title, or that he received them for the use or benefit of another.' * * * The only

exception to this rule which our decisions have established is stated in Nelson v. Iverson, 17 Ala. 216, the authority of which is recognized in Marks v. Robinson, supra (1887). [82 Ala. 69, 2 So. 292]."

■ The exception, as stated in Nelson v. Iverson, supra, is as follows:

"If the bailee have the temporary possession of property, holding the same as the property of the bailor, and asserting no title in himself, and in good faith in fulfilment of the terms of the bailment, either as expressed by the parties or implied by law, restores the property to the bailor before he is notified that the true owner will look to him for it, no action will lie against him, for he has only done what was his duty." See also Clay v. Sullivan, 156 Ala. 392, 47 So. 153; First National Bank of Alexander City v. Harden, 17 Ala.App. 165, 82 So. 655, certiorari denied 203 Ala. 172, 82 So. 422; Steele v. Marsicano, 102 Cal. 666, 36 P. 920; Varney v. Curtis, 213 Mass. 309, 100 N.E. 650, L.R.A.1916A, 629; Culp v. Signal Van and Storage, 142 Cal.App. 2d Supp. 859, 298 P.2d 162.

The reason for the exception to the rule is stated in Varney v. Curtis, supra, as follows [213 Mass. 309, 100 N.E. 653]:

"* * * in such a case, so far as the true owner is concerned the pledgee is in possession under one to whom the true owner had given possession, and by returning the pledged property to the wrongful pledgor the pledgee does nothing more than perform the duty he owes the wrongful pledgor under the circumstances in effecting a restoration of the original status in quo, to wit, in putting back the property into the possession of the wrongful pledgor where originally it had been put by the true owner."

■ The "general affirmative charge should not be given for the defendant when there is the slightest evidence tending to prove a right of recovery by the plaintiff;

or if there is evidence reasonably affording an inference adverse to the right of recovery by the defendant." Perry v. Atlantic Coast Line R. Co., 34 Ala.App. 644, 42 So. 2d 837, 838, and cases cited.

"In determining the propriety of a general affirmative charge when requested by the defendant, the evidence favorable to the plaintiff must be accepted as true." Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355, 356.

The scintilla rule of evidence prevails in civil cases in Alabama. Perry v. Atlantic Coast Line R. Co., supra.

We are of the opinion that under the evidence the question of whether there was a conversion was for the jury, and the general affirmative charge was properly refused.

The court's action in overruling the motion for a new trial is not assigned as error, therefore, the question of the weight of the evidence is not before us for review. Vaughn v. Whiteside, 25 Ala.App. 165, 143 So. 470, certiorari denied 225 Ala. 442, 143 So. 471.

Assignment of error 31, "For that the verdict is excessive," cannot be considered. It is not predicated on a ruling of the court. Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658.

Assignment of error 32, "that the verdict is contrary to the law in the case," cannot be considered. The claimed objection was not specifically pointed out. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L. R.2d 465; Pierce v. Floyd, supra.

A demand of the property and a refusal to redeliver it, do not of themselves constitute conversion. Pollard v. Pollard, 207 Ala. 270, 92 So. 488. They are merely evidence from which a conversion may be established, and such evidence may be repelled by proof that a compliance was impossible because of the loss or destruction of the property.

The refusal of charges identical to defendants' refused charges D–11 and D–12 was held error in Davis & Son v. Hurt, 114 Ala. 146, 21 So. 468. In that case the proof showed that defendant, a warehouseman, was unable to locate cotton stored with him when demanded, the goods having unaccountably disappeared. The court said: "All that can be fairly predicated of the facts found in the record, is the mere failure to deliver the cotton upon the demand of the plaintiff; possession of it not remaining with the defendant. There was no denial of the title of the plaintiff, nor a dominion exercised over the cotton inconsistent with the terms of the bailment, no evidence of a conversion or appropriation of it to their own use, or to the use of any third person by the defendants."

We are of the opinion under the evidence in this case these charges were refused without error.

Insistence is made that certain statements in argument by the plaintiff's counsel constituted reversible error. One of said remarks argued in brief is not assigned as error. Ala.Dig. Appeal and Error, ⊕719.

The other incident complained of is as follows:

"Mr. Kendrick: I put him on the stand in Judge Jenkins Court.

"Mr. Rosenthal: If it please the Court, we object to what he did in that Court, he is not testifying.

"The Court: I sustain on that.

"Mr. Kendrick: That wasn't objected to.

"Mr. Rosenthal: We object to him saying—

"The Court: Better read the part objected to.

"(Whereupon, the reporter read the following: 'I put him on the stand in Judge Jenkins Court,' and the following occurred.)

"The Court: I will overrule.

"Mr Rosenthal: Except."

 In the matter of attorney's argument "much must be left * * * to the enlightened judgment of the trial court, with presumptions in favor of the ruling." Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165, 166; Smith v. Reed, 252 Ala. 107, 39 So.2d 653.

Besides, the statement of the attorney is not sufficiently set out to invite our review.

The judgment is affirmed.

Affirmed.