126 So.2d 110

**NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY**

v.

**Kay WILSON.**

**8 Div. 13.**

Supreme Court of Alabama.

Nov. 3, 1960.

Rehearing Denied Jan. 26, 1961.

Bell, Morring, Richardson & Cleary, Huntsville, for appellant.

Smith & Johnston, Huntsville, and Hare, Wynn & Newell, Birmingham, for appellee.

**618**

PER CURIAM.

 Kay Wilson, appellee, was employed by Planters' Warehouse and Storage Company at its cotton warehouse in Huntsville, Alabama, on June 6, 1956, the day on which the accident, the basis of this action, occurred. He had been so employed since 1919. Throughout that time Nashville, Chattanooga and St. Louis Railway Company had a spur track adjacent to a loading platform on the west side of the warehouse under a contract between it and the warehouse company, dated April 5, 1916. The appellant from time to time brought cars in and out on the warehouse spur track, a fact known to appellee. At the time of the accident appellee was engaged in cutting grass and weeds along the appellant's right of way between the spur track and the warehouse platform using a gasoline powered lawn mower. While so engaged he was struck on the hip by a freight car which the appellant's yard engine was pushing along the side track for unloading into the warehouse. Appellee's head was propelled against some part of the warehouse platform, resulting in the injuries alleged as the basis of this suit. At this particular time appellant had no lookout on this car, which we conceive to have been its duty under the circumstances. East Tennessee, V. & G. R. Co. v. King, 81 Ala. 177, 2 So. 152; Louisville & N. R. Co. v. Williams, 199 Ala. 453, 74 So. 382; Alabama, T. & N. R. Co. v. Huggins, 205 Ala. 80, 87 So. 546.

Wilson filed his complaint in the Circuit Court of Madison County, Alabama. The case went to the jury on Counts Two-A and Three-A, charging simple negligence, and Count 4, charging wantonness, demurrers to which were overruled. Issue was joined on these counts. Upon trial of the cause the jury returned a verdict for the plaintiff (appellee) expressly under Counts Two-A and Three-A of the complaint as amended, fixing his damages at $32,000.

Appellant filed a motion for new trial which was denied and this appeal followed.

Appellant assigns as error the overruling of its demurrers to the two counts as amended based on negligence under which the jury expressly returned its verdict as well as numerous rulings by the trial court on the evidence, the overruling of its motion for new trial and the giving or refusal to give certain charges to the jury and portions of the court's oral charge.

Primarily the various contentions raised by appellant in its numerous assignments of error can be resolved by a determination of the status of the appellee at the time of the accident complained of.

The record establishes, and it is undisputed, that at the time of the accident the plaintiff (appellee) was an employee of Planters' Warehouse and Storage Company, engaged in his work for his employer at the time and place he was injured. The railroad engine and car were being operated on a spur track built to serve the plant of the appellee's employer and the interest of the railroad in the right of way was determined by the contract entered into between it and the employer of appellee. This contract reserved the right and imposed the duty upon the warehouse company to have its employees perform their business duties upon or around the track, and it provided in part:

"5. The Applicant [warehouse company] agrees that, without the written consent of the Railway, it will not direct or permit the use of said track— by or for the benefit of any other party not one of the parties hereto. * *.

"6. The said Applicant also agrees * * * to keep the track free from obstruction; * * *.

"7. The Applicant agrees that the Railway shall have the privilege of using said track—free of charge in any manner it may desire, provided, however, that such use shall not interterfere materially with the business of said Applicant."

█ To further describe the situation at the time of the accident: An engine of the defendant, appellant, was backing and pushing a box car from north to south along the spur track. Appellee was cutting grass while standing between the spur track and the platform of the warehouse with his back to the approaching train, facing southeast. It was stipulated that the track was so close to the platform as to be an unsafe distance, about 6 feet 1.5 inches. There is conflict in the evidence as to whether the appellee was standing by the side of the track, as he testified, or whether he was emerging from under the platform in a stooped position moving backward as witnesses for appellant testified. There was further conflict in the evidence as to the distance in which it would be possible to stop the engine under the conditions and circumstances involved, ranging from 20 feet, according to witnesses for appellee, to 70 feet according to the appellant's engineer. All of these conflicts in the testimony were properly submitted to the jury.

Appellant contends that the trial court erred in overruling its demurrers to the counts as amended and in not giving certain charges to the jury, based upon its assertion that the appellee was a trespasser or mere licensee at the time of the accident and was under a duty to "stop, look, and listen" before going upon or near the track of appellant. A determination of this question depends upon the status of the appellee at the time of the accident, or stated differently, a determination of the duty owed by the railroad to persons in his position.

█ The law on this subject is generally stated as follows:

"A railroad company which operates a spur track upon private property owes a duty of ordinary care to prevent injury to persons working about such premises, both as to the condition of the track and the operations of its trains. What amounts to negligence in any particular case depends, of course, upon the circumstances under which the injury occurred. The fact that the owner of the premises may owe a duty to warn his employees of danger from switching operations does not excuse a railroad company from its duty to notify or warn such employees of the danger." 44 Am.Jur. 666, Railroads, § 441.

"Where one is engaged on or about railroad tracks or cars in work which is mutually beneficial to him and the railroad company, he is generally held

to be there by the express or implied invitation of the company, and is regarded as an invitee, or as a licensee with an interest, and he cannot be considered a trespasser, a mere licensee, or a volunteer." 75 C.J.S. Railroads § 903, p. 285.

The appellee in this case was undisputedly pursuing his duties as an employee of the warehouse company under the terms of the contract between his employer and appellant railroad. As such it was necessary for him to be near the track of the appellant. We approved the following statement in an analogous situation in Louisville & N. R. Co. v. Williams, supra [199 Ala. 453, 74 So. 383]:

> "'The law does not require persons at work on the track to maintain a constant lookout for approaching trains and at the same time pursue their labor, but it does require of the operatives of trains the exercise of an active vigilance to avoid injuring such persons and that they should give reasonable danger signals to attract the attention of men so employed so as to enable them to get out of the way before it is too late.'" Taken from Elliott on Railroads, Vol. 3, § 1265b.

Further, this court stated in Alabama, T. & N. R. Co. v. Huggins, supra [205 Ala. 80, 87 So. 549]:

> " * * * we may observe that the stop, look, and listen doctrine applies to strangers or to employees not engaged in the duties of their employment, and cannot apply to persons lawfully at work in repairing a railway track or a highway where it crosses a railway track. Such employees cannot be expected to pursue their labors and at the same time maintain a constant lookout for approaching trains. It was the duty of those in charge of such train, backing through the yard on the interchange track, to keep a lookout for laborers whose duties required them

to be upon the track in constructing, repairing, or maintaining the same by clearing it of a pile of cinders discharged thereupon by an engine." Citing Louisville & N. R. Co. v. Williams, 199 Ala. 453, 74 So. 382, among others.

The transcript consists of more than 500 pages and the appellant's brief is very voluminous, and would encumber this opinion unnecessarily to discuss and distinguish the various authorities cited, but we are clear to the conclusion that the trial court ruled correctly in overruling the demurrers addressed to the counts on which the parties went to trial.

A careful review of the assignments of error objecting to the refusal of various charges requested by defendant, as well as objection to portions of the court's oral charge, indicates that most of such objections were based upon the argument that the plaintiff (appellee) was a trespasser at the time of the accident, which contention we have disposed of in the first point considered above. Some assignments concern the ruling of the court on the evidence at various points in the trial. Many of these assignments are not argued in brief of appellant, and hence will not be considered by this court. Other ones after careful study we find to be without merit, such as questions propounded to various expert witnesses. Considerable latitude is allowed in examining such witnesses and we can perceive of no such prejudice to the defendant as would require a reversal.

Likewise, we reach the same conclusion with reference to conduct of plaintiff's counsel. Indeed, he seemed rather careful and restrained in his examination of witnesses, etc.

There are other assignments which can be reduced to the question of whether or not the court erred in refusing to direct a verdict for the defendant (appellant) and whether the court erred in not finding that the plaintiff (appellee) was

guilty of contributory negligence as a matter of law. It is axiomatic that the question of contributory negligence is for the jury where there is a scintilla of evidence to the contrary. Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918; Pappa v. Bonner, 268 Ala. 185, 105 So.2d 87; Brandwein v. Elliston, 268 Ala. 598, 109 So.2d 687. Likewise the general affirmative charge should not be given for the defendant if there is the slightest evidence tending to prove a right of recovery by the plaintiff. Vulcan Life & Acc. Ins. Co. v. Standifer, 266 Ala. 246, 97 So.2d 568; Birmingham Loan Co. v. Klinner, 39 Ala.App. 125, 95 So.2d 402. There was no error therefore in this phase of the case and the trial court ruled correctly in submitting these issues to the jury.

■ There are other assignments claiming error in the refusal of charges seeking to declare on the principle of subsequent negligence. Without deciding the correctness vel non of these charges, it is quite clear that the defendant suffered no prejudice because of the oral charge of the court which fully and clearly covered the law on the question sought to be enunciated by these charges.

■ Likewise, no error intervened in giving plaintiff's requested Charge One-A on concurrent negligence. Greyhound Corporation et al. v. Brown, 269 Ala. 520, 113 So.2d 916.

■ The question of excessiveness of damages is also raised. It is argued that the verdict rendered manifested bias, passion, or prejudice on the part of the jury. Appellant's counsel thinks appellee is a malingerer. But if plaintiff's evidence be believed—and this was for the jury—he was shown to be a physical wreck, afflicted with traumatic epilepsy, so advanced that he has severe seizures every few days. The trial court who heard the whole case refused to reduce the verdict, nor are we so inclined. Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190.

■ Appellant also contends, seemingly very seriously, that because the negligence counts failed to allege that the damnifying act was caused by the negligence of the defendant's agents or servants acting within the line and scope of their employment, that proof of corporate participation was required and failing it was entitled to the affirmative charge on these counts. This principle of law only applied to a charge of willful or wanton wrong, not to negligence. Louisville & N. R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265, and cases cited; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389.

Appellant cites among other cases Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 28 So.2d 193, as sustentive of its position. But in the Johns case, supra, at 267 Ala. 274, 101 So.2d 277, we observed that if there be any statements in Atlantic Coast Line R. Co. v. Brackin in conflict with Johns or the Hayes [Birmingham R. Light & Power Co. v. Hayes, 153 Ala. 178, 44 So. 1032] and Reed [Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906] cases on which Johns was rested, such statements are disapproved. There may be statements in other cases which might be construed as somewhat conflictory of the principle of Johns and Doak and Hayes or Reed, supra, but if so, such statements should also be disregarded. The law at the trial of the case at bar was as announced in those cases. See also Chambers v. Cagle, ante, p. 59, 123 So.2d 12, 14–15.

See, for information, Act No. 544, pp. 765–766 and Act No. 624, p. 895, Gen.Acts of Ala.1957, which apparently seek to change the rule with respect to willfulness and wantonness adverted to *ubi supra*.

We have given studious consideration to the whole case and believe we have treated every meritorious point properly assigned and argued as error. The case was well

tried by both counsel for plaintiff and defendant and the trial court, and we are at the conclusion that no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.